### MOSES v. SALOMON.

(Supreme Court, Appellate Division, First Department. May 17, 1912.)

1. INJUNCTION (§ 38*)—TEMPORARY INJUNCTION—PRESERVATION OF STATUTES.

An injunction pendente lite could not properly issue to restrain a general lessee from interfering with alterations by his sublessee which involved the shifting of partitions and doors and the removal of a whole floor of the leased space, since such injunction, instead of merely preserving the status quo, would permit the status to be changed at once, leaving it to be subsequently determined at the trial whether or not the alterations were authorized.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. § 38.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. APPEAL AND ERROR (§ 19*)—REVIEW—TEMPORARY INJUNCTION.

   The reviewing court will determine the propriety of an injunction pendente lite to restrain a general lessee from interfering with alterations in the leased premises by his sublessee, although the alterations have been made pending appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80; Dec. Dig. § 19.*]

Appeal from Special Term, New York County.

Action by Moss F. Moses against Walter J. Salomon. From an order enjoining plaintiffs from making certain alterations in leased premises, defendant appeals. Reversed, and motion for injunction pendente lite denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Walter H. Bond, of New York City, for appellant.

Clayton J. Heermance, of New York City, for respondent.

SCOTT, J. The defendant appeals from an order granting an injunction pendente lite, whereby said appellant is enjoined and restrained from "in any way interfering with or causing interference with the making by the plaintiff" of certain structural alterations in premises held by plaintiff under lease.

[1] The defendant is the general lessee from the owner of the whole of a large building at Forty-Second street and Fifth avenue in the city of New York, which he sublets to various tenants. Among his sublessees is a concern known as the New York Fleischman Stores, which holds a lease for a space of 40 by 29 feet on the ground floor (including the basement) at the corner of the street and avenue. Of this space the Fleischman Stores, in turn, sublet to plaintiff a portion measuring 10 by 20 feet, and the vaults underneath, which plaintiff used as a gallery for the display of pictures. Recently plaintiff has subleased from the Fleischman Stores further space 9 by 10 feet in area, situated in the rear of and adjoining the space he already occupies. It is with reference to this recently leased space that plaintiff proposes to make the alterations with which the defendant has been enjoined from interfering.

These alterations involve the shifting of certain partitions and doors, and, what is more important, include the removal of the whole floor of the leased space so as to provide for a staircase leading to the art gallery below. It cannot be doubted that these alterations involve a material structural change in the building such as a tenant of a small part of a building would not be justified in making without the consent of the landlord. The tenant avers that he obtained such consent from the defendant before he took the lease from the Fleischman Stores. This the defendant denies, and the question rests upon the affirmation on the one side, and denial on the other, with little or no corroboration of probative value on either side.

The injunction order appealed from is in effect a mandatory injunction which decides the controversy in favor of the plaintiff, and affords him all the relief to which he would be entitled on a trial

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

if successful. It is not an injunction to preserve the status quo until a trial can be had, but one permitting the status to be changed without a trial of the cause, leaving it to be determined after the alterations have been made whether they were authorized or not. Such injunctions have frequently been condemned; and, while they are sometimes upheld, it is only when the facts upon which they rest are either substantially admitted, or are clearly and unmistakably proven. This is not such a case. As has been said, we have only affirmation on one side and denial on the other, with the burden of proof still resting on plaintiff.

[2] Our conclusion, therefore, is that the order appealed from was erroneous, and we are not prevented from saying so merely because the intended alterations may have already been made under the protection of the injunction. The defendant is entitled to an adjudication upon the propriety of the order.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

