A. P. YOUNGBLOOD, INC., Appellant, *v.* BANCA COMMERCIALE ITALIANA, Respondent.

First Department April 5, 1917.

**Stay — foreign action pending — action instituted without authority — Appellate Division — jurisdiction.**

The prosecution of an action for breach of contract brought against a defendant banking corporation doing business in a foreign country should not be stayed pending the determination of another action against the defendant in the foreign country relating to the same subject-matter, where it appears that the plaintiff never authorized or ratified the foreign action which was brought by an employee without authority.

However, the court is not deprived of jurisdiction because an original stay granted on motion of the defendant provided that it was to continue only until the entry of final judgment in the foreign action, which judgment has been entered. Under the circumstances, the propriety of the stay should be passed upon by this court, notwithstanding the foreign judgment.

APPEAL by the plaintiff, A. P. Youngblood, Inc., from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1916, and the 16th day of December, 1916, respectively, the first order staying the trial of this action until the determination of an action claimed to be pending against the defendant in Italy and the other denying plaintiff's motion for a reargument upon additional papers.

*Bernard G. Heyn,* for the appellant.

*Carl A. Mead,* for the respondent.

DAVIS, J.:

The plaintiff brought this action against the defendant, a foreign bank doing business in Italy, for damages for breach of contract for the delivery of flour. The action was about to be reached for trial in this county when defendant, at Special Term, obtained a stay of the action until the determination of

another action then pending in Italy against the defendant, and claimed by defendant to have been brought by plaintiff for the same subject-matter as in the present action.

It is quite apparent from the affidavits submitted on behalf of plaintiff that the bringing of the action in the Italian courts was neither authorized nor ratified by plaintiff. It was begun at the instance of an employee, who was merely a salesman and entirely without authority in that regard.

As soon as the plaintiff heard that the suit had been brought it repudiated it in a cablegram to its salesman on July 2, 1915, about one month after the action in Italy was begun.

It appears that judgment was entered in the action in Italy on January 22, 1917, and it is claimed by the appellant that inasmuch as the stay was to continue only until the entry of final judgment in Italy, the question raised by these appeals should not be reviewed by this court. We do not share that view. In the peculiar circumstances of this case the propriety of these orders should be passed upon by this court, notwithstanding the Italian judgment. (*Moses* v. *Salomon*, 150 App. Div. 563.) We think the defendant was not entitled to the stay.

The order granting the motion for the stay should be reversed, with ten dollars costs and disbursements, the motion denied, with ten dollars costs, and the order denying motion for reargument affirmed, without costs.

CLARKE, P. J., SCOTT, DOWLING and SMITH, JJ., concurred.

Order granting stay reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and order denying motion for reargument affirmed, without costs. Motion to dismiss appeal denied, with ten dollars costs.