THE STATE OF KANSAS, ex rel. FRED S. JACKSON, as Attorney-general, etc., *Appellant*, v. THE ÆTNA INSURANCE COMPANY et al., *Appellees.*

No. 17,315.

HEADNOTE BY THE REPORTER.

INSURANCE RATES—*Injunction—New Statute Enacted—Suit Abates.* Where during the pendency of an action to restrain insurance companies from unlawfully combining to control insurance rates, an insurance law is enacted placing the power to regulate insurance rates in the hands of the superintendent of insurance, no substantial benefit could be gained by the injunction prayed for, and the action is dismissed.

Appeal from Shawnee district court. Opinion filed November 9, 1912. Dismissed.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the appellant; *Fred S. Jackson,* of Eureka, of counsel.

*Z. T. Hazen,* and *R. H. Gaw,* both of Topeka, and *Thomas Bates,* of Chicago, for the appellees.

*Per Curiam:* The object of this action is to restrain the defendant insurance companies. from carrying out an unlawful combination to control insurance rates in violation of the antitrust statutes. While the suit was pending the insurance rate law was enacted. (Gen. Stat. 1909, §§ 4265-4275.) This act requires the filing of a schedule of rates and other items with the superintendent of insurance, and gives that officer power to lower rates if found too high, and to direct an increase when found to be inadequate. If upon another trial of this action the state should prevail the duty and power of the superintendent would remain unaffected, the cost of insurance would still be the subject of state regulation. The public benefit sought to be obtained by this action is secured by the operation of the statute. The superintendent has proceeded to exercise the authority vested in him by general orders reducing rates. (Gen. Orders of Supt. of Ins. effective March 10, 1910, and July 1, 1911, Record of Orders, pp. 9, 15; Report of Supt. of Ins. for 1910, pp. xii, xiii.) Nothing of substantial benefit can now be gained by the injunction prayed for. The court is not required to give judgments that are not effective. (*Stebbins v. Telegraph Co.,* 69 Kan. 845, 76 Pac. 1130.) When questions become moot, judicial action will cease. (*Hurd v. Beck,* post, p. 11, 45 Pac. 92; *Ziegler v. Hyle,* 45 Kan. 226, 25 Pac. 568; *Knight v. Hirbour,* 64 Kan. 563, 67 Pac. 1104; *Kansas City v. The State,* 66 Kan. 779, 71 Pac. 1127; *Waters v. Garvin,* 67 Kan. 855, 73

Pac. 902; *Jenal v. Felber,* 77 Kan. 771, 95 Pac. 403; *Bonnewell v. Lowe,* 80 Kan. 769, 104 Pac. 853; *Duggan v. Emporia,* 84 Kan. 429, 114 Pac. 235; *City of Ottawa v. Barnes,* 87 Kan. 768, 125 Pac. 14.)

Following the usual practice in such cases the proceedings upon appeal are dismissed.

