No. 30,837.

The Union Pacific Railroad Company, *Appellee*, v. The Missouri Pacific Railroad Company, *Appellant*.

(10 P. 2d 893.)

Opinion filed May 7, 1932.

*W. P. Waggener, O. P. May, B. P. Waggener* and *J. M. Challiss,* all of Atchison, for the appellant.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This is an appeal from an order of the district court sustaining on review an order of the public service commission. The judgment of the district court was entered December 15, 1931. An appeal was taken to this court on March 28, 1932, and on the next day orders were made by this court staying all proceedings under the judgment of the district court until the hearing and determination of the appeal. Thereafter a motion was filed by the appellee to set aside the stay orders entered by this court on the ground that the orders were issued *ex parte,* without notice, and for the purpose of staying and suspending an order of the public service commission. Briefs have been filed on this motion and we shall determine the validity of 'the stay orders made by this court without reference to the merits of the appeal.

On October 3, 1931, the public service commission ordered the construction of a switch track in Kansas City, Kan., by the appellee, crossing a switch track of the appellant. On the application of the appellant the order was modified in some particulars on October 16, 1931. From this order the appellant appealed to the district court of Wyandotte county and that court, on December 15, 1931, found that the order made by the public service commission was lawful and reasonable, and entered a judgment sustaining the order.

The order of the public service commission was made under and

by virtue of R. S. 66-161, which authorizes the commission after hearing to determine "the manner of such crossing and the terms upon which the same shall be made and maintained." This statute, as it was originally enacted, provided a procedure for an appeal to the district court. The procedure was modified by subsequent legislation (*In re Luttgerding*, 83 Kan. 205, 110 Pac. 95), culminating in the enactment of R. S. 66-118. This statute not only provided for a review of the orders of the commission in an action in the district court, but also for an appeal to this court, and that the order of the district court remain in effect unless stayed by this court. The legislature of 1929 adopted an act "providing for rehearing and for review of orders or decisions of the public service commission," and repealed R. S. 66-118. This statute, which is now R. S. 1931 Supp. 66-118a *et seq.*, provides an entirely new and complete procedure for the review of decisions made by the public service commission, including appeals to this court. (*Wichita Gas Co. v. Public Service Com.*, 132 Kan. 459, 295 Pac. 668.)

It is provided that:

". . . No court of this state shall have power to set aside, modify or vacate any order or decision of the commission, except as herein provided." (R. S. 1931 Supp. 66-118d.)

". . . No order so staying or suspending an order or decision of the commission shall be made by any court of this state otherwise than on five days' notice and after a hearing, and if a stay or suspension is allowed the order granting the same shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that great or irreparable damage would otherwise result to the petitioner and specifying the nature of the damage." (R. S. 1931 Supp. 66-118g.)

This court has inherent power to issue such orders as may be necessary restraining the performance of any act which might interfere with the proper exercise of its rightful jurisdiction (*C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, 42 Kan. 223, 21 Pac. 1071), and a grant of appellate jurisdiction implies the power to make all orders that will preserve the subject of the action and give effect to the final determination of the appeal. (*Kjellander v. Kjellander*, 90 Kan. 112, 132 Pac. 1170.)

In the case of *Bank v. Cement Co.*, 83 Kan. 630, 112 Pac. 332, a justice of this court, on application, granted an order staying all proceedings in the district court pending the determination of an appeal which prevented the sale of property held under attachment. On a motion to set aside the order, the court said:

"As the only question raised concerns the power to make such an order under the circumstances, the motion must be denied. The statute provides that during the pendency of the appeal the supreme court 'may make an order suspending further proceedings in the court below.'" (p. 632.)

The original jurisdiction of this court is defined by the constitution, but it has only "such appellate jurisdiction as may be provided by law." (Const., art. 3, § 3.) The legislature has the power to grant, limit and withdraw the appellate jurisdiction of this court and to provide a procedure for the exercise of the jurisdiction granted. The litigant has no vested right in an appeal which may not be abolished by the legislature. (*Coal Co. v. Barber*, 47 Kan. 29, 27 Pac. 114; *Kansas City v. Dore*, 75 Kan. 23, 88 Pac. 539; *Bowen v. Wilson*, 93 Kan. 351, 144 Pac. 251; *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233; *Begley v. Missouri Pac. Rld. Co.*, 128 Kan. 790, 280 Pac. 902; *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818.) Where appellate jurisdiction is provided by law the court has inherent power, in the absence of an express prohibition, to make any order that may be necessary to the effective exercise of such jurisdiction and that will preserve the subject of the action and give effect to the final determination of the appeal.

In the enactment of R. S. 1931 Supp. 66-118a *et seq.* the legislature provided a procedure complete in itself for the adjudication of all orders and decisions made by the public service commission, and by the express terms of that statute the power of this court to restrain or stay the orders of the commission can only be exercised in compliance with the statute relating to notice and hearing. (R. S. 1931 Supp. 66-118g.) It necessarily follows that since the orders in question were made *ex parte* and without notice, the court exceeded its power, and the motion to set aside the order should be allowed.

It is so ordered.