No. 37,842

August F. Diehn, *Appellant*, v. L. R. Penner, George Russell and M. J. Ziegler, Board of County Commissioners of Johnson County, Kansas, Mission Township Main Sewer District No. 1, Johnson County, Kansas, *Appellees*, The Jones Construction Company, a Corporation.

(216 P. 2d 815)

Opinion filed April 8, 1950.

*Marion C. Miller,* of Kansas City, argued the cause, and *Edward A. Benson, Jr.,* of Kansas City, was with him on the briefs for the appellant.

*Rolla W. Coleman,* of Mission, argued the cause, and *Raymond H. Carr,* of Mission, and *Frank L. Hagaman,* of Kansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Parker, J.: This is an injunction proceeding wherein the plaintiff seeks to restrain the board of county commissioners of Johnson county, acting as the governing board of Mission Township Main Sewer District No. 1 of such county, and the contractor employed by such board to construct the improvement herein involved from utilizing a strip of plaintiff's land in the construction of a permanent sewer on the ground the board had failed to acquire the right to take his property for that purpose under and by virtue of any valid

condemnation proceeding. By stipulation between the plaintiff, the district, and the defendant board, but without service of summons on or appearance of the contractor, applications for a restraining order and a temporary injunction were heard at the same time by the district court which, at the close of plaintiff's evidence, sustained a demurrer to his petition as well as his evidence and rendered judgment denying either a restraining order or a temporary injunction. The appeal is from the order sustaining the demurrer.

At the outset we are confronted with a contention advanced by appellees, raised by motion and presented on the hearing of the cause, to the effect the appeal must be dismissed because the real issue involved in the injunction proceeding has become moot. We therefore turn directly to that question.

Appellees insist and appellant admits that the work of constructing the sewer across appellant's property has long since been completed. Appellant also concedes that under the provisions of G. S. 1947 Supp. 26-101, appellees had power to condemn his property for sewer purposes and that they undertook to condemn it by proceedings instituted under and by virtue of the terms of such statute. On oral argument of the cause he virtually conceded, if in fact he did not actually admit, that the sewer project, as completed, was of such character that this court, even if the trial court erred in refusing a temporary injunction, would not be justified in destroying its effectiveness by ordering removal of the portion constructed through and across his premises.

Resort to the record reveals that under allegations of his petition appellant sought only injunctive relief which was denied by the trial court without specific statement as to the ground on which its action was based.

In view of the circumstances and conditions heretofore related we are convinced that under our decisions the motion to dismiss the appeal should be sustained.

This court is committed to the rule that it will not consider and decide a question raised on appeal where it clearly appears that between the trial of an action and the submission of such question there has been a change of circumstances which would make any judgment it might render with respect thereto of no consequence to the particular issue litigated in the court below. See *Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113, and cases there cited, also *Mueller v. Seiler,* 158 Kan. 440, 442, 148 P. 2d 266.

Long ago in *Meyn v. Kansas City*, 91 Kan. 29, 136 Pac. 898, we held:

"Where a temporary injunction is denied in an action brought solely to restrain the erection of a viaduct by authority of a city, and the trial court renders judgment for the defendant upon the pleadings, an appeal therefrom will be dismissed if it appears that in the meantime the structure had been completed, at a cost of $70,000." (Syl. ¶ 1.)

And in the opinion said:

"A judgment denying an injunction is sometimes reversed, notwithstanding the act sought to be  enjoined has been performed, where, as in tax proceedings, the court has power to restore the original status. (*Bonnewell v. Lowe,* 80 Kan. 769, 104 Pac. 853.) This principle seems to have been applied where minor alterations in partitions in rented property were the subject of controversy. (*Moses v. Salomon,* 135 N. Y. Supp. 408.) Assuming that the court would have jurisdiction to command the removal of the viaduct here involved, which cost over $70,000, such an order is not to be thought of, and is not asked.

"If the judgment in this case were of such a character that its affirmance would constitute an adjudication of any of the plaintiff's rights other than with respect to an injunction, his appeal might be determined upon its merits on that account. (*Bithulithic Paving Co. v. Highland Park,* 164 Mich. 223, 129 N. W. 46.) But he sought only injunctive relief. True, in some circumstances the action might have been converted into one for damages, upon the principle that jurisdiction assumed by a court of equity for one purpose will be retained for all. (Note, Ann. Cas. 1912 A, 803.) But the question whether an injunction should issue was not the same as whether the conduct of the defendants was an invasion of the plaintiff's rights. So far as the record discloses, the court may have rendered judgment upon the pleadings upon the theory that the petition showed that the plaintiff had an adequate remedy in an action for damages.

"For the reason that nothing is involved in this proceeding except relief by injunction, which cannot now be granted, the appeal is dismissed. As a result, the judgment of the district court will remain undisturbed, but it is now interpreted as having to do only with injunctive relief, and it will not be a bar to an action to recover any damages he may have suffered, if the defendant's acts shall be found to have been wrongful." (pp. 30, 31.)

More recently in *Dickey Oil Co. v. Wakefield,* supra, we held:

"If the judgment of this court were of such a character as to constitute an adjudication of any of plaintiff's rights, other than with respect to the injunction sought, the appeal might be determined upon its merits on that account, but the case will not be reviewed on its merits where only injunctive relief was sought and the need for that relief has ceased to be a justiciable issue." (Syl. ¶ 2.)

In an effort to forestall application of the rule announced in the foregoing decisions appellant argues the appellee district's condem-

nation proceeding was invalid with the result it is now a trespasser and he is therefore entitled to an injunction preventing continued trespasses. The answer to this contention is to be found in what has been heretofore quoted from our decisions. An additional answer is that under our statute the district had authority to take appellant's property for purposes contemplated by its terms and has, done so. In that situation, even if its condemnation proceeding was wholly void—a point which we do not here determine—appellant has an adequate remedy in damages and is not entitled to relief in an injunction action. (See *Brookings v. Riverside Drainage Dist.,* 135 Kan. 234, 9 P. 2d 656; *Sullivan v. City of Goodland,* 110 Kan. 359, 203 Pac. 732; *Railway Co. v. City of Hiawatha,* 95 Kan. 471, 148 Pac. 744).

The appeal is dismissed.