No. 39,244

J. M. Dick, et al., *Appellees,* v. Drainage District No. 2 of Harvey, Reno, and McPherson Counties, Kansas, and Wanda H. Benedix, as Treasurer of Harvey County, Kansas, *Appellants.*

(267 P. 2d 494)

Opinion filed March 6, 1954.

*J. R. Rhoades,* of McPherson, and *J. G. Somers,* of Newton, argued the cause, and *George R. Lehmberg,* of McPherson, and *George A. Robb,* of Newton, were with them on the briefs for the appellant Drainage District.

*Lelus B. Brown,* county attorney of Harvey county, was on the briefs for the appellant County Treasurer.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg* and *Herbert H. Sizemore,* both of Newton, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from orders overruling separate demurrers to a petition.

Under appropriate allegations the pleading in question discloses the corporate existence of the defendant Drainage District, the official character of the defendant County Treasurer, and that plaintiffs are the owners of separate tracts of real estate, located in Harvey county, over which the corporation is attempting to condemn a right of way. It next charges the purported condemnation proceedings are void and of no effect because (1) the petition for condemnation fails to set forth the size of the ditches, levees, dikes, and other works required by statute (G. S. 1949, 24-612); (2) the plans and specifications, attached to and filed with the condemnation petition, are so vague, incomplete and illegible that neither the landowners nor the appraisers could determine the nature or extent of any levees, dikes or other works proposed by the condemnation; (3) the report of the appraisers shows upon its face that such appraisers lost jurisdiction to make the appraisement shown by their report for the reason they adjourned to meet on different occasions, without fixing a time and place certain for the holding of such meetings as required by law; and (4) that the appraisers failed to give

the plaintiffs an opportunity to present their estimate of damages and values after having agreed with them and their attorneys that they would do so.

The petition then alleges in substance that prior to the commencement of the action the Drainage District deposited with the treasurer of Harvey county the amount of compensation found to be due the involved landowners under the terms of the appraisers' report and thereupon entered upon plaintiffs' lands and commenced construction of the proposed drainage ditch. Subsequently it asserts the drainage district should be enjoined and restrained from proceeding with the construction of the drainage ditch and that the county treasurer should be ordered and directed to return the money deposited with her by the district. And finally it prays:

". . . that the Court find and adjudge said purported condemnation proceedings to be null and void, to restrain and enjoin the defendant Drainage District, its agents, servants, and employees, from proceeding further or from further entering upon the lands of these plaintiffs under claim of right by virtue of said condemnation proceedings, that the defendant, . . . Treasurer . . ., be ordered and directed to refund the moneys deposited with her by said Drainage District to said Drainage District, and for such other and further relief as to the Court seems just and equitable, together with the costs of this action."

Each of the defendants demurred to the foregoing petition on the ground it failed to state facts sufficient to constitute a cause of action. Following the overruling of such demurrers, as has been heretofore indicated, they perfected the instant appeal.

Before any consideration can be given to the merits of the appeal we are faced with, and must dispose of, a contention advanced by appellants upon oral argument to the effect that by reason of a change in circumstances since the commencement of the action the real and/or particular issue therein involved, namely, the right to injunctive relief, has become moot and has therefore ceased to be justiciable.

With commendable candor appellees concede in their brief that the drainage ditch, contemplated by the condemnation proceeding, has now been constructed upon their lands and that "under the Kansas decisions (see *Diehn v. Penner*, 169 Kan. 63, 216 P. 2d 815) they are not entitled to an injunction." By reason of this limited admission appellees' counsel have saved this court the trouble of reviewing our numerous decisions showing that where it appears by reason of changed circumstances between the institution of an

action and a trial thereon that a judgment would be unavailing as to the particular issue presented the case·is moot and judicial action ceases. Even so we deem it advisable to make reference to, and here cite, two of our most recent decisions (see *Andeel v. Woods,* 174 Kan. 556, 258 P. 2d 285; *Asendorf v. Common School District No. 102,* 175 Kan. 601, 266 P. 2d 309) where the rule is discussed and applied.

In an effort to forestall application of the foregoing rule, and its consequences if applicable, appellees insist that the allegations of their petition must be construed as seeking injunctive relief, a declaratory judgment and damages for the lands taken under and by virtue of such proceeding. This claim requires an examination of the petition to determine whether under its allegations there is one real and/or particular issue involved, namely, the right to injunctive relief, as appellants contend, or three real and/or particular issues, *i. e.,* the right to injunctive relief, to a declaratory judgment, and to recover damages, as the appellees insist.

After careful analysis of the petition we fail to find any allegations, either express or implied, susceptible of a construction appellees were seeking either a declaratory judgment or the recovery of damages for the alleged illegal appropriation of their lands. Moreover the prayer of the petition, which must be regarded as highly indicative of the relief sought by the pleaders, neither asks for nor discloses any indication that the five parties filing the petition were seeking relief of that character. It may well be they conceived the idea relief of that nature was desirable when, after the filing of the petition, it became apparent they were not going to be successful in their efforts to enjoin the district from entering upon their lands and constructing the ditch but if so the record discloses no amended pleadings or other action on their part warranting a conclusion those issues were ever brought into the case. Perhaps their failure in that regard, as well as their failure to include allegations in the petition affording a sound basis for the claim they now make with respect to the construction to be given its terms, springs from the fact they knew that a party who files an action for coercive relief is not permitted to attach a declaratory rider to determine the same question involved in the primary cause of action or use the declaratory judgment act simply as an adjunct to a cause of action then being actually adjudicated (*Hudson v. Travelers Ins. Co.,* 145 Kan. 732, 67 P. 2d 593; *Pugh v. City of Topeka,* 151 Kan. 327, 99

P. 2d 862), and were fully aware that if they had collectively attempted to plead the facts necessary to enable them to recover damages for wrongful appropriation of each of their separate tracts of real estate in one petition such pleading would have been demurrable on the ground of misjoinder of causes of action. In view of the conditions and circumstances heretofore related we are forced to conclude that only injunctive relief was sought by the petition and that the right to such relief was the real and/or particular issue involved in the action. The result, under the facts and the decisions to which we have heretofore referred, is that the need for that relief has ceased to be a justiciable issue and the action in which it was sought has become moot and should be dismissed.

We are unable to agree with the contention advanced by appellees to the effect that *Provident Mut. Life Ins. Co. v. State Highway Comm.*, 155 Kan. 351, 125 P. 2d 346, warrants or permits a decision remanding this case to the trial court in order that it may hear evidence and award appellees damages, if any, for lands taken by the drainage district under the alleged void condemnation proceeding. However we are not disposed to labor our reasons for that view inasmuch as their discussion would involve the merits of the instant cause. It suffices to say we have examined the decision and are convinced it is clearly distinguishable and has no application under the confronting facts and circumstances. Although not exactly parallel a case much closer in point from the standpoint of facts, pleadings and legal principles involved, and of far more value as a controlling precedent, is *Diehn v. Penner*, supra, wherein it is said that even if the condemnation proceeding therein involved was wholly void as claimed that the plaintiff had an adequate remedy in damages and was not entitled to injunctive relief. The fact that in this case a drainage district is the principal defendant instead of a sewer district; that here the county treasurer is joined as a party defendant solely for the purpose of obtaining relief incidental to the injunction proceeding; and that there the trial court sustained a demurrer to the petition while here a demurrer was overruled affords no sound ground for refusing to follow the rule announced and applied in *Diehn v. Penner*, supra, and cases there cited.

In line with what has been heretofore stated proper and orderly procedure requires that the cause be remanded to the district court with directions to dismiss the action. It is so ordered.