No. 40,190

LaVern J. Huber, individually and on behalf of all other owners of land adjoining or abutting Sand Creek in Harvey County, Kansas, South of the Northeast ¼ of Section 36, Township 23 South, Range 1 West, *Appellant,* v. Arthur H. Schmidt, Edna May Schmidt, Orville Schmidt, Robert Schmidt, Mary M. Whitehead, Ennis C. Whitehead, and Norman Schmidt, *Appellees.*

(299 P. 2d 33)

 Opinion

filed June 30, 1956. 

*Kenneth G. Speir,* of Newton, argued the cause, and was on the brief for the appellant.

*J. G. Somers,* of Newton, argued the cause, and *George A. Robb,* and *Forrest A. Wilson,* also of Newton, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: On August 10, 1955, the plaintiff commenced an action to enjoin the defendants from unlawfully withdrawing water from Sand Creek in Harvey county, and on the same day the trial court made an order that the defendants appear on September 1, 1955, and show cause why they should not be enjoined. On August 29, 1955, the defendants filed a motion for a continuance, and the court granted the same to October 4, 1955. On September 30, 1955, the defendants moved to dismiss the action on the ground no justiciable controversy existed between the parties. On October 6, 1955, the trial court heard the motion and found the issues in the case were moot and that defendants' motion should be granted and the case dismissed and it made an order in accord. On October 11, 1955, the plaintiff filed his motion that the trial court reconsider the matter and set aside its order of dismissal, and that plaintiff have leave to file an amended petition. On October 20, 1955, the trial court denied the motion and on December 2, 1955, the plaintiff perfected his appeal from the rulings of October 6, 1955, and October 20, 1955.

The substance of the petition was that plaintiff and defendants owned lands abutting on Sand Creek and plaintiff, for many years prior to 1955, used the normal flow of that creek for domestic purposes and enjoyed the flow of the creek generally, and that the defendants had installed pumps and irrigation systems upon their lands and had been and were withdrawing large quantities of water from the creek with the result that the flow of water had been either entirely stopped or so materially impaired as to render it unsuitable or impossible to use for domestic purposes or otherwise enjoy the benefits arising from the flow, and that by reason of the withdrawal of water from the creek the defendants had caused, were causing and would continue to cause a health hazard to the plaintiff. Allegations as to no adequate remedy at law and as to relief prayed need no present notice.

At the hearing on October 6, 1955, no evidence was formally

offered and received. Defendants called the trial court's attention to the fact the defendants were operating and pumping water from Sand Creek; that the instant action had been filed, apparently as the result of drought conditions, but that since the action had been commenced there had been an adequate rain and water was now flowing in Sand Creek. It is said in defendants' counter-abstract that the above statements were not disputed. The trial court in ruling said it would have to take judicial notice of certain factors as there was no evidence before the court; that it believed all parties agreed that it had rained to the extent of at least eight inches, the soil was saturated and the creek flowing, and the motion to dismiss on the ground the question was moot was sustained.

It is clear from the content of the petition, the motion to dismiss, and the trial court's ruling that we have no question as to the right to maintain the action, nor whether facts sufficient to constitute a cause of action were alleged. In view of the situation thus presented we consider the fact to be that defendants installed pumping equipment and depleted the normal flow of water in Sand Creek with the result flow of water was either stopped or so materially impaired as to render it unsuitable or impossible of use for domestic purposes by the plaintiff, and by reason thereof defendants had caused, were causing and would continue to cause a health hazard to the plaintiff.

As has been noted, the trial court in ruling stated it would have to take judicial notice of certain factors but it did not note what they were. It also stated that all parties agreed there had been an eight-inch rain, the soil was saturated and the creek flowing, and apparently that was the basis of its ruling. We therefore find it unnecessary to explore the field of judicial notice and the associated question whether, if the court took judicial notice of one or more facts, it could ignore other facts.

We recognize the rule contended for by the defendants that where it appears that by reason of changed circumstances between the commencement of an action and the trial thereof that a judgment would be unavailing as to the issue presented, the case is moot and judicial action ceases. (See *Dick v. Drainage District No. 2*, 175 Kan. 869, syl. ¶ 1, 267 P. 2d 494, and cases cited in the opinion.)

We are of the opinion, however, that the rule cannot be applied to the situation here. To say the least, an eight-inch rain is un-

usual and though it did occur and for the time being did saturate the soil and restore a flow of water in the creek, as soon as that result abated, as in ordinary course it would, then plaintiff would be in the same position as when he commenced the action and would again be in the position of having defendants withdraw water from the creek to such an extent that plaintiff's use for domestic purposes would be either stopped or materially impaired. Stated from another angle the changed circumstances between inception of an action and the time the action becomes moot must in their nature be permanent as distinguished from temporary. Under the circumstances as they presently appear we cannot say there is no likelihood that there will be no repetition of the defendants' actions to the damage of plaintiff.

We conclude the trial court erred in dismissing the action on the ground the issues were moot.

In view of our conclusion, we shall not discuss any claimed error of the trial court in denying plaintiff's motion for rehearing and vacation of its order of dismissal or in refusing plaintiff's request for leave to amend.

The judgment of the trial court is reversed with directions to the trial court to reinstate the action for further proceedings.