No. 40,622

Frederick H. Bumm, *Appellant,* v. Amos C. Colvin, Carl H. Becker, and Irvin E. Toevs, as Commissioners in Condemnation Appointed by the District Judge of Harvey County, Kansas, and The City of Wichita, Kansas, *Appellees.*

(312 P. 2d 827)

Opinion filed July 3, 1957.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg* and *Herbert H. Sizemore,* both of Newton, were with him on the briefs for appellant.

*J. G. Somers,* of Newton, argued the cause, and *George A. Robb,* of Newton, was with him on the briefs for Appellee Condemnation Commissioners. *Robert B. Morton,* of Wichita, argued the cause, and *Paul J. Donaldson,* of Wichita, and *J. Rodney Stone,* of Newton, were with him on the briefs for Appellee, The City of Wichita, Kansas.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a judgment dismissing an action for a declaratory judgment and for injunctive relief upon the ground that the subject matter of the lawsuit, the installation of an air inlet and relief manhole, had been installed upon the permanent right of way across plaintiff's land previously acquired by the City of Wichita, and the case was moot.

The pertinent facts giving rise to this appeal are summarized as follows: On January 10, 1956, and pursuant to G. S. 1949, 26-201, *et seq.,* as amended, the City of Wichita, hereafter referred to as the City, presented its petition and application in condemnation to the judge of the district court of Harvey County, Kansas, in case No. 13,281, who appointed commissioners in condemnation to appraise and assess damages for the taking of plaintiff's land for public use. On May 8, 1956, and as a result of that proceeding, the City acquired the right to possess, occupy, use and improve a permanent right of way 50 feet wide across plaintiff's land, and in addition, two strips of land 25 feet wide for temporary rights of way and construction easements on each side of the permanent right of way. Those rights of way were acquired by the City for the installation, maintenance and operation of a 66-inch steel water supply pipe line for the purpose of transporting and supplying water to the City, its environs and inhabitants from the geological formation located in Harvey County and known as the Equus Beds. As a part of the installation, maintenance and operation of that pipe line, the City also acquired the right to install and operate two air inlets and relief manholes, one approximately 9½ x 10 feet in dimension and the other 4½ x 9 feet in dimension, each projecting approximately one foot above the surface of the ground, and located within the boundary lines of the rights of way. Damages awarded to plaintiff and other landowners as a result of that

taking were deposited with the treasurer of the City and certified as being available for payment. Plaintiff did not appeal from the report of the commissioners nor were any actions commenced challenging the validity of that condemnation proceeding.

Later, the City ascertained the necessity of constructing an additional air inlet and relief manhole for the proper use of that pipe line, and on August 24, 1956, instituted a second condemnation proceeding, the one involved in this controversy, by presenting its petition and application to the judge of the district court of Harvey County, case No. 13,345. Pursuant to that request, the judge of the district court appointed three commissioners in condemnation, who, together with the City, are defendants in the present action.

The petition and application of the City in case No. 13,345 alleged that it obtained title to the rights of way across plaintiff's land on May 8, 1956, in case No. 13,281; that for the purpose of constructing, extending and improving the water supply and water works system of the City for use in supplying said City and its environs and inhabitants with water, it was necessary for the City to acquire the right to install, maintain and operate an additional air inlet and relief manhole entirely within the boundary lines of its rights of way across plaintiff's land. The prayer of that petition and application was that commissioners be appointed to view and appraise the value of the additional use right in said rights of way and to assess damages to plaintiff as a result of such appropriation and to award him the damages so determined.

Immediately after the filing of the City's petition and application in case No. 13,345, plaintiff instituted the present action and alleged that the City did not have lawful authority to condemn the lands of plaintiff for the purposes intended; that such proceeding was in furtherance of an unlawful and unauthorized purpose; that it was premature and involved an unnecessary, arbitrary, capricious and unlawful act upon the part of the City; that the proceedings in condemnation in case No. 13,345 were null and void for the reasons set forth; that the proceedings of the commissioners in case No. 13,345 were null and void, and if said commissioners filed a report as commissioners, such report would be null and void and that the City did not acquire any right, title, estate or interest in plaintiff's property by reason of any action taken by it, or by any actions or proceedings of the commissioners in the proceedings; that a temporary injunction and a permanent injunction should be issued

enjoining the commissioners from proceeding further with the condemnation of plaintiff's land, and a restraining order, a temporary injunction and a permanent injunction should be issued restraining and enjoining the City from having or claiming any right, title, estate or interest in plaintiff's land and from entering upon such land. Appropriate allegations were made that an actual controversy existed between plaintiff and the City and the defendant commissioners, all of which were that the City had no authority to condemn plaintiff's land, and that to permit the commissioners to proceed further and file their report would result in the City acquiring an interest in plaintiff's land contrary to the laws of Kansas without due process of law, and that plaintiff had no adequate remedy at law. The prayer was that the condemnation proceedings be declared null and void; that the City be adjudged to have no right, title, estate or interest in plaintiff's land; and that the commissioners and the City be temporarily and permanently enjoined from proceeding further with the condemnation.

On September 6, 1956, plaintiff filed proper motions for a restraining order and a temporary injunction, which were denied on that date by the district court. However, plaintiff did not appeal from the order denying the temporary injunction. Thereafter the defendant commissioners and the City each filed demurrers to plaintiff's amended petition.

On November 12, 1956, defendants' demurrers were heard by the district court. At that time counsel for plaintiff, with complete candor and frankness and in compliance with his duty as an ethical member of the Bar, advised the district court that the subject matter of the lawsuit, *i. e.*, the installation of the air inlet and relief manhole on the City's rights of way across the plaintiff's land, had been installed by the City. Whereupon counsel for plaintiff made the following observation:

" 'Mr. Speir: The point is, if the court please, there would be no point in getting into a long, drawn-out trial in litigation if the case is moot. Then the demurrer should be treated as a motion to dismiss on the ground that the case is moot because the installations have been made, the subject matter of the lawsuit, and then I believe I would have to concede Dick against Drainage District 2, which is reported in 175 Kansas at 869 is controlling. . . .

" '. . . And, if that is the situation, if the court please, then I think the court perhaps not only could but should treat these demurrers as motions to dismiss on the ground that the cause of action is moot and let me go from there. . . .' "

Upon consideration of the petition and the statement of plaintiff's counsel, the district court found that the conditions and circumstances then existing brought the case within the rule announced in *Dick v. Drainage District No. 2*, 175 Kan. 869, 267 P. 2d 494, and for that reason the case was moot, and treating the demurrers as motions to dismiss, ordered the action dismissed. As previously indicated, plaintiff has appealed from that order.

To pinpoint the issues involved in this appeal we quote from plaintiff's brief:

"The sole and only question presented by this appeal is: 'Will this Court adhere to the position taken in the case of *Dick v. Drainage District No. 2*, 175 Kan. 869, or shall such case be held either inapplicable or specifically overruled in order that plaintiff-appellant shall be protected in his rights, as guaranteed by the Constitution of the State of Kansas and the 14th Amendment to the Constitution of the United States?'"

With respect to overruling *Dick v. Drainage District No. 2*, supra, we have reviewed that holding and conclude no sound reason exists for our overruling it, and we adhere to that decision.

We wish to point out, as preliminary to our discussion of the remaining legal point raised by plaintiff, that it was stated upon oral argument the judgment rendered in the first condemnation proceeding (case No. 13,281) had not been reversed, modified or set aside, and that it had become final; further, that the City had completed the installation of its water supply pipe line and the two air inlets and relief manholes upon its rights of way prior to the filing of the second condemnation proceeding on August 24, 1956. In a negative way, plaintiff seeks to avoid the result of that final judgment by alleging that the City "does not have and did not acquire any right, title, estate, or interest in plaintiff's property by reason of any action taken by it," and that the City should be permanently enjoined "from having or claiming to have any right, title, estate, or interest in or to the land of plaintiff." If those allegations were made to challenge the validity of the judgment rendered in the first condemnation proceeding, they are unavailing, since that judgment has become final. Furthermore, there are no allegations in the petition which would permit that judgment to be vacated and set aside pursuant to G. S. 1949, 60-3009.

Is the rule announced in *Dick v. Drainage District No. 2*, supra, applicable to the facts and circumstances presented in this appeal? In that case plaintiffs asserted a right to injunctive relief, to a declaratory judgment and to recover damages for lands appropri-

ated in condemnation by the drainage district. On appeal, they conceded that the construction of the drainage ditch had been completed. There, as here, the objective of the condemnation proceeding was completed during the litigation. In construing their petition, we determined they sought only injunctive relief and the right to such relief was the real issue involved. We held:

"Where it appears that by reason of changed circumstances before the institution of an action and the trial thereof that a judgment would be unavailing as to the real and/or particular issue presented the case is moot and judicial action ceases.

"This court is committed to the rule that a question raised on appeal will not be considered and decided where it appears that by reason of changed circumstances its decision on the question presented would be of no consequence to the real and/or particular issue involved in the court below." (Syl. ¶¶ 1 and 2.)

That holding did not announce a new rule. That rule was previously established and has been followed in a long and unbroken line of decisions, see, *The State, ex rel., v. Insurance Co.,* 88 Kan. 9, 10, 127 Pac. 761; *The State v. Allen,* 107 Kan. 407, 408, 191 Pac. 476; *State, ex rel., v. State Highway Comm.,* 163 Kan. 187, 192, 182 P. 2d 127; *Diehn v. Penner,* 169 Kan. 63, 64, 216 P. 2d 815; *Andeel v. Woods,* 174 Kan. 556, 258 P. 2d 285; and, *Asendorf v. Common School District No. 102,* 175 Kan. 601, 266 P. 2d 309. For additional authorities see 1 Hatcher's Digest (Rev. ed.), Appeal and Error, § 8, pp. 90, 91. If, therefore, under the facts and circumstances presented by the record before us, the real issue of plaintiff's cause of action was one for injunctive relief, *Dick v. Drainage District No. 2,* supra, would compel our affirming the decision below.

Plaintiff alleges in substance that his action was brought for the purpose of obtaining a declaratory judgment that the City was without authority to maintain the condemnation proceedings, and as incident thereto, for consequential injunctive relief. Sound argument may be advanced, however, that the allegations of the petition sought only to enforce his common-law remedy for injunctive relief and that the right to such relief was the real issue involved in the action. Be that as it may, we have concluded it makes no difference whether plaintiff's petition be construed as one seeking relief under our declaratory judgment statute (G. S. 1949, 60-3127, *et seq.*) or one seeking injunctive relief under common-law remedies. Under either theory, judgment would be unavailing as to the real issue presented, *i. e.,* the enjoining of the condemnation proceeding, thus

preventing the City from installing the air inlet and relief manhole within its rights of way across plaintiff's land, because of changed circumstances between the commencement of the action and its dismissal November 12, 1956. Under either theory, the case was moot and judicial action ceased.

The rule that when it appears by reason of changed circumstances between the commencement of an action and the trial thereof, a judgment would be unavailing as to the real issue presented, the case is moot and judicial action ceases, is not only applicable to actions seeking to enforce common-law remedies (*Asendorf v. Common School District No. 102,* supra; *Andeel v. Woods,* supra; *Dick v. Drainage District No. 2,* supra), but is equally applicable to actions under our declaratory judgment statute (G. S. 1949, 60-3127). This is manifest by the rule itself, by the express terms of the statute, and by our decisions which hold that in order to obtain an adjudication of any question of law under the declaratory judgment act, an actual controversy must exist (*Kittredge v. Boyd,* 137 Kan. 241, 242, 20 P. 2d 811; *Klein v. Bredehoft,* 147 Kan. 71, 73, 75 P. 2d 232; *City of Cherryvale v. Wilson,* 153 Kan. 505, 509, 112 P. 2d 111; *State, ex rel., v. State Highway Comm.,* 163 Kan. 187, 182 P. 2d 127), and when any legal question becomes moot, judicial action ceases (*State, ex rel., v. Insurance Co.,* 88 Kan. 9, 10, 127 Pac. 761; *State v. Allen,* 107 Kan. 407, 408, 191 Pac. 476; *State, ex rel., v. State Highway Comm.,* 163 Kan. 187, 182 P. 2d 127).

The soundness of that general rule seems obvious. If, when the action was commenced, the petition presented an actual controversy between plaintiff and the City and the commissioners justiciable under the declaratory judgment statute, clearly, on November 12, 1956, that controversy did not exist because of plaintiff's concession of changed circumstances. That being true, a judgment would be unavailing as to the real issue presented and the case was moot, hence, judicial action ceased.

In *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 282 P. 2d 395, we held that where a condemnation proceeding is instituted under the provisions of G. S. 1949, 26-201, *et seq.,* as amended, common-law remedies are available to a landowner seeking to protect his interest in the property being condemned. Other authorities to that effect are: *St. L., L. & D. Rld. Co. v. Wilder,* 17 Kan. 239, 247; *Railway Co. v. Wilson,* 66 Kan. 233, 237, 69 Pac. 342; *Railway Co. v. Murphy,* 75 Kan. 707, 714, 90 Pac. 290; *Glover v. State Highway*

*Comm.,* 147 Kan. 279, 77 P. 2d 189; *Dick v. Drainage District No. 2,* supra. Plaintiff contends, however, that to adhere to *Dick v. Drainage District No. 2,* supra, leaves him without a remedy and denies him due process of law. We do not so regard that decision, or other decisions which support that rule. Plaintiff had a right of action to protect his interest in the property being condemned and he attempted to enforce that right by the commencement of the present action. On September 6, 1956, he presented to the district court proper motions for a restraining order and a temporary injunction. Those were denied. It is clear that plaintiff had a right to appeal from the order denying his motion for temporary injunction (G. S. 1949, 60-3302), and pending that appeal, could have applied to this court for an order suspending further proceedings in the court below until the decision of this court (G. S. 1949, 20-101; *Bank v. Cement Co.,* 83 Kan. 630, 112 Pac. 332; *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 135 Kan. 450, 452, 10 P. 2d 893). But, no appeal was taken. Instead, plaintiff permitted the commissioners to assess damages and make and file their report and receive their discharge. Thereafter the City completed the installation of the air inlet and relief manhole within the boundary of its rights of way upon plaintiff's land. That plaintiff had a remedy to protect his interest in the property sought to be condemned, is evident. He invoked that remedy, but did not fully exhaust it.

We have reviewed the record and find no error. The district court correctly treated the demurrers as motions to dismiss and ordered the action dismissed for the reason that the case was moot and judicial action had ceased. The judgment is affirmed.

It is so ordered.

SCHROEDER, J., not participating.