No. 41,083

THE CITY OF WICHITA, KANSAS, a Municipal Corporation, *Appellant,* v. FREDERICK H. BUMM, *Appellee.*

(331 P. 2d 301)

Opinion filed November 8, 1958.

Robt. B. Morton, of Wichita, argued the cause, and *Fred W. Aley* and *Paul J. Donaldson,* both of Wichita, and *J. Rodney Stone,* of Newton, were with him on the briefs for appellant.

Kenneth G. Speir, of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka,* all of Newton, were with him on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the trial court dismissing an injunction action prior to its hearing on the merits and other adverse rulings related thereto.

The decisive question presented is whether the petition for injunctive relief was properly construed by the trial court as one seeking to enjoin the defendant from interfering with the construction of a water pipe line across his land *only*, or whether it sought to enjoin the defendant from interfering with the construction, *operation and maintenance* of the water pipe line across his land.

This action is an outgrowth of a case previously reported by this court, *Bumm v. Colvin*, 181 Kan. 630, 312 P. 2d 827. For a full understanding of the question before the court it will be necessary for the reader to acquaint himself with the facts in that case.

The petition of the City of Wichita set up its ownership and right of possession of a certain easement or right of way acquired by eminent domain proceedings for the purpose of installing, maintaining and operating a municipal water supply pipe line with appurtenances. The defendant refused to permit the City of Wichita to enter upon his land and as a result the City of Wichita sought both a temporary and a permanent injunction. On January 25, 1957, a temporary injunction was issued by the trial court upon the posting of a statutory bond.

Pertinent allegations of the petition read as follows:

"4. That defendants, despite repeated demands made on behalf of plaintiff have refused and are refusing to surrender possession of said rights-of-way and easements to the plaintiff *for the purpose of installing a water transmission line, air inlet and relief manholes and appurtenances;* that plaintiff is being prevented from entering upon said easements and rights-of-way for such purposes.

"5. That the action of defendants in denying the city and its authorized representatives entry on said lands *is causing delay in the installation of said water supply pipe line, air inlet and relief manholes and appurtenances;* that the *rapid completion of such project is necessary* in order to supply the indispensable water supply needs of plaintiff city.

"6. That defendants' denial of possession of said rights-of-way is illegal and wholly without any color of legal right and that unless enjoined and restrained therefrom defendants *will continue their illegal refusal to surrender possession of said lands to plaintiff,* which will result in irreparable loss and damage to plaintiff and its inhabitants. Plaintiff has no adequate remedy at law and is entitled to a restraining order and permanent injunction, restraining

and enjoining defendants from interfering with the exclusive right and possession of plaintiff to the above described easements and rights-of-way.

"Wherefore, plaintiff prays the court to temporarily and permanently restrain and enjoin defendants from interfering with or preventing plaintiff possession of the easements and rights-of-way above described and designated and for such other relief as may be equitable and proper in the premises." (Emphasis added.)

On January 30, 1957, following the issuance of the temporary injunction the defendants were cited to show cause why they should not be adjudged in contempt of the January 25th temporary injunction order. (The hearing disclosed that Frederick H. Bumm and Frederick H. Bumm, Jr., were one and the same person.) At the hearing on February 4, 1957, the evidence disclosed that the defendant, after the temporary injunction order was served upon him, refused entry on the right of way in question to the plaintiff's construction crew foreman and workers, and as a result thereof was found guilty of contempt. Thereafter his motion for a new trial was overruled on May 15, 1957. The order adjudging the defendant guilty of contempt awarded no sentence or fine but ordered the *sheriff* of Harvey County, Kansas, to *be present* upon the defendant's land while contractors for the City of Wichita *completed the installation of the additional equipment upon the water pipe line of the City of Wichita* crossing the defendant's land, with instructions to arrest and confine the defendant or any other person who may attempt to interfere with or prevent such installation by the plaintiff.

Thereafter on the 12th day of November, 1957, the opening day of the November term of the District Court of Harvey County, counsel for the respective parties being present, and after the call of the docket the court on its own motion dismissed the plantiff's action. The City of Wichita promptly filed a motion to set aside the dismissal and to reinstate the cause for trial. This motion was set for hearing on the 19th day of December, 1957, and after due notice and hearing was overruled by the court.

Counsel for the City of Wichita refused to approve the journal entry of dismissal and order overruling the motion to set aside the dismissal. The following is recited in the court's journal entry:

"Thereupon, the Court finds that the water supply pipe line and other appurtenances which are the subject matter of this action, have been installed by the plaintiff, and that such facts and circumstances bring this case within the rules stated in *Dick v. Drainage District No. 2*, 175 Kan. 869, and the case of *Bumm v. Colvin*, 181 Kan. 630, and that the real issue in the instant

case has ceased to be justiciable and is moot, and that this action should accordingly, therefore, be and it hereby is dismissed."

The appellee states that the true situation with respect to the occurrence of November 12, 1957 (the opening day of the 1957 term), was that during the call of the docket and immediately preceding the calling of the instant case, the district court had just spread the mandate of this court in the case of *Bumm v. Colvin,* supra, in which this court held that the phase of this controversy, wherein Bumm was the plaintiff, was moot because the installations which were the subject matter of the action, had been completed. Obviously, the court, under such circumstances, was fully aware of the identical situation in this case.

It is readily apparent that the trial court construed the petition of the City of Wichita as requesting injunctive relief *only for the purpose of installing a water transmission line, air inlet and relief manholes and appurtenances,* and not for the additional purposes of operation and maintenance. A careful reading of the petition indicates that this is a reasonable construction of the petition which the City filed. Further proceedings in contempt indicate that this was the trial court's view of the action as a result of the presentation made by the parties. Where it is possible this court strives to uphold the ruling of the trial court. In our opinion the trial court properly construed the petition.

The appellee contends that the situation presented by this case grew out of the defendant's attempt to prevent his injunctive action in *Bumm v. Colvin,* supra, from becoming moot under the authority of *Dick v. Drainage District No. 2,* 175 Kan. 869, 267 P. 2d 494. As a result he was met with an injunction against himself and a contempt citation which permitted the City of Wichita to complete the installations. Bumm's action against the City of Wichita was subsequently determined by the trial court to be moot and was affirmed by this court in *Bumm v. Colvin,* supra.

The appellant contends that in an injunctive action where a temporary injunction is issued, a trial court cannot, without evidence or prior notice to the parties, make a finding that an action is moot and dismiss it on that ground over plaintiff's objections. Appellant argues that under the circumstances dismissal of the action was an abuse of the trial court's discretion. *Reddington v. Rank,* 176 Kan. 484, 271 P. 2d 807, and *Huber v. Schmidt,* 180 Kan. 80, 299 P. 2d 33,

are cited. These cases are not applicable to the facts and circumstances here presented.

Since this action was not dismissed without prejudice to a future action, G. S. 1949, 60-3105, is cited as authority that appellant is entitled to a trial on the merits under the last paragraph, reading: "In all other cases, upon the trial of the action the decision must be upon the merits." If this statute is all inclusive of a party's right to dismissal of an action, obviously neither the trial court nor this court could dismiss any action that has become moot if the plaintiff objected to a dismissal.

Where it appears by reason of changed circumstances between the institution of an action and a trial thereof that a judgment would be unavailing as to a particular issue presented the case concerning such issue is moot and judicial action ceases. (*Andeel v. Woods,* 174 Kan. 556, 258 P. 2d 285; *Asendorf v. Common School District No. 102,* 175 Kan. 601, 266 P. 2d 309; *Dick v. Drainage District No. 2,* supra; and *Bumm v. Colvin,* supra.)

On the opening day of the November term both parties were present through counsel in open court and the objection as to notice is more technical than real. The litigation between the City of Wichita and the farmers in the equus bed area of Harvey County is of long standing. If the City of Wichita was prejudiced by the court's order on November 12 by reason of not having notice, it had full opportunity at the hearing on its motion to set aside the order of dismissal on the 19th day of December, 1957, to present its position to the court.

The objection that the trial court made a finding that the action was moot without evidence is likewise more technical than real.

In *Bumm v. Colvin,* supra, where the commissioners were little more than nominal parties, it was the contention of the City of Wichita before the trial court, and this court that the water pipe line installations were complete and that the action was moot. These facts were readily conceded by counsel for Bumm in that action. Under these circumstances, the City of Wichita would be in no position to prove that the same water pipe line installations in this injunctive action are not complete.

While it is true that a court does not take judicial notice of its own records in other cases, the burden of the appellant's argument in the instant case, both in the trial court and on appeal to this

court, rests upon a construction of its petition. The appellant states:

". . . It should be pointed out, however, that regardless of whether or not the installations had been completed, there still remained judicially undetermined the issue of whether the appellee should be permanently restrained from denying appellant's possessory rights. The point is that this suit has as its purpose the restraining of unlawful acts of appellee preventing and interfering with appellant's possession of the right-of-way for the purpose of operating and maintaining the pipeline as well as constructing it initially. It is a complete *non sequitur* to reason that because the pipeline has been installed it necessarily follows that appellee will refrain from interfering with its operation and maintenance . . ."

The construction of the petition has been determined adversely to appellant. Inferentially, the above argument concedes that all the installations of the water pipe line were completed as the trial court found. Technicalities cannot be stretched to the point where they become absurd. Here the appellant has shown no prejudice as a result of the trial court's dismissal.

The appellant asserts that the trial court erred in entering a disputed journal entry without providing appellant with notice and opportunity to be heard on its objections thereto, citing Rule No. 49 of the Supreme Court. (G. S. 1949, 60-3827, rule No. 49.) The record indicates that counsel for the City of Wichita declined and refused to approve the journal entry of dismissal and order overruling the motion to set aside the dismissal submitted by counsel for Bumm, and thereupon submitted a journal entry which in their opinion properly reflected the ruling made and orders entered by the court. The court declined to sign either journal entry. On January 4, 1958, the court filed its own journal entry which counsel for the appellant refused to sign upon submission by counsel for appellee. The record does not disclose what, if any, objection counsel for the appellant noted for their refusal to sign the journal entry. The appellee states the City's objection is founded upon the fact that the trial court's journal entry recited the reason for its ruling. On the facts and circumstances presented by the record before this court the trial court was fully justified in making its own journal entry and filing the same without the approval of counsel for either party or both. (See: *Chaney v. Edmonds,* 153 Kan. 668, 113 P. 2d 81.) The error, if any, on this point standing alone is conceded by counsel for the appellant to be no more than a procedural technicality.

Upon all the facts and circumstances presented by the record in the instant appeal it does not affirmatively appear that technical errors or irregularities have substantially affected the rights of the City of Wichita. Upon the whole record substantial justice has been done by the judgment of the trial court dismissing the action as moot. (G. S. 1949, 60-3317.)

The judgment of the trial court dismissing the action is affirmed.