No. 46,336

H. F. Thompson, Mary A. Thompson, Hugh F. Thompson, Jr., and Charles Frank Thompson, *Appellants*, v. Kansas City Power and Light Company, a Corporation, *Appellee*.

(494 P. 2d 1092)

Opinion filed March 4, 1972.

*Park McGee,* of Haskin, Noonan, McGee & Hinkle, of Olathe, argued the cause, and *George A. Lowe,* of Lowe & Lowe, of Olathe, was with him on the brief for the appellants.

*Lowell L. Smithson,* of Spencer, Fane, Britt & Browne, of Kansas City, and *H. Thomas Payne,* of Payne & Jones, Chartered, of Olathe, argued the cause and were on the brief for the appellee.

*Jim Baska* and *R. Pete Smith,* of Rice & Baska, of Kansas City, were on the brief for the Johnson County Taxpayers Association, *Amicus Curiae.*

The opinion of the court was delivered by

Owsley, J.: Appellants are the owners and tenants of a tract of real estate in Johnson County, Kansas. On February 10, 1969, appellee, a Missouri corporation, filed a petition in the District Court in Johnson County, Kansas, seeking to condemn a right of way across appellants' land. On February 20, 1969, appellants appeared before the district court and presented an answer and motion for more definite statement. Counsel for appellants urged to the court that the petition must be plead factually and may not be simply a notice pleading. Counsel for appellee took the position that the statutes of Kansas did not require a condemnation petition to contain allegations of specific and detailed evidentiary proof substantiating the taking. The district court found the petition to be sufficient and overruled and denied appellants' motion for more definite statement. The district court refused to allow appel-

lants to introduce any evidence on their affirmative defenses and over appellants' objection to the procedure ruled the court must restrict its consideration only to the petition of the condemner and because the petition alleged the taking of appellants' property was necessary to the condemner's lawful corporate purposes, the petition for condemnation would be granted.

Thereafter, on March 20, 1969, appellants filed a petition for declaratory judgment against appellee. This position alleged appellants' interest in the property, appellee's existence and institution of the condemnation proceedings, and challenged the validity of the condemnation procedure act of the State of Kansas as constituting a taking of property without due process of law and as an unconstitutional delegation of legislative and judicial functions to a private corporation.

On May 29, 1969, appellants filed and served on counsel for appellee two interrogatories. By these two interrogatories appellants sought to ascertain the amount and the types of damage and consequences which appellee felt it would be encountering if construction of the electric power line across appellants' property would be delayed through an injunction or restraining order sought by appellants. Appellee objected to these interrogatories. The court sustained the objections based on a feeling that answers to the interrogatories would raise questions of fact inconsistent with the declaratory judgment and found that the defendants in a declaratory judgment case are not required to answer interrogatories. On June 13, 1969, appellee filed a motion to dismiss or for summary judgment.

Thereafter, on July 9, 1969, the court ruled in favor of appellee on all points.

On July 23, 1969, appellants served and filed their notice of appeal. The gist of appellants' appeal is the constitutionality of the Kansas statutes providing for eminent domain proceedings. (K. S. A. 26-501, et seq.) They charge that there is an unlawful delegation of legislative powers; that the statutes violate appellants' right to due process; that the statutes deny equal protection of the law; that the statutes give the appellee absolute title to land without payment of full compensation; and that appellants do not receive just compensation for land taken since they must pay attorneys' fees.

The constitutional requirement of due process has been considered in connection with our eminent domain statutes. We have held that

our statutes do not deny due process to the landowner. *(Bumm v. Colvin,* 181 Kan. 630, 312 P. 2d 827.) We have also held that the failure of statutes to provide attorney fees for the landowner does not violate the constitutional requirement that just compensation be paid. *(Schwartz v. Western Power & Gas Co., Inc.,* 208 Kan. 844, 494 P. 2d 1113.

The constitutional issues raised by appellants are forcefully presented. However, appellee argues this project was completed on December 19, 1969, and the entire line has been in operation for over a year and by reason thereof all questions other than the value of the property taken have become moot.

We have frequently said that it is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matter in issue before the court. *(Diehn v. Penner,* 169 Kan. 63, 216 P. 2d 815; *Bumm v. Colvin,* supra; also see *Oil Workers Unions v. Missouri,* 361 U. S. 363; 4 L. Ed. 2d 373, 80 S. Ct. 391.) The position of this court was clearly stated in *Bumm v. Colvin,* supra. We said:

"The rule that when it appears by reason of changed circumstances between the commencement of an action and the trial thereof, a judgment would be unavailing as to the real issue presented, the case is moot and judicial action ceases, is not only applicable to actions seeking to enforce common-law remedies *(Asendorf v. Common School District No. 102,* supra; *Andeel v. Woods,* supra; *Dick v. Drainage District No. 2,* supra), but is equally applicable to actions under our declaratory judgment statute (G. S. 1949, 60-3127). This is manifest by the rule itself, by the express terms of the statute, and by our decisions which hold that in order to obtain an adjudication of any question of law under the declaratory judgment act, an actual controversy must exist *(Kittredge v. Boyd,* 137 Kan. 241, 242, 20 P. 2d 811; *Klein v. Bredehoft,* 147 Kan. 71, 73, 75 P. 2d 232; *City of Cherryvale v. Wilson,* 153 Kan. 505, 509, 112 P. 2d 111; *State, ex rel., v. State Highway Comm.,* 163 Kan. 187, 182 P. 2d 127), and when any legal question becomes moot, judicial action ceases *(State, ex rel., v. Insurance Co.,* 88 Kan. 9, 10, 127 Pac. 761; *State v. Allen,* 107 *Kan.* 407, 408, 191 Pac. 476; *State, ex rel., v. State Highway Comm.,* 163 Kan. 187, 182 P. 2d 127).

"The soundness of that general rule seems obvious. If, when the action was commenced, the petition presented an actual controversy between plaintiff and the City and the commissioners justiciable under the declaratory judgment statute, clearly, on November 12, 1956, that controversy did not exist because of plaintiff's concession of changed circumstances. That being true, a judgment would be unavailing as to the real issue presented and the case was moot, hence judicial action ceased.

"In *State v. Balcourt Hunting Ass'n,* 177 Kan. 637, 282 P. 2d 395, we held that where a condemnation proceeding is instituted under the provisions of G. S. 1949, 26-201, *et seq.,* as amended, common-law remedies are available to a landowner seeking to protect his interest in the property being condemned. Other authorities to that effect are: *St. L., L. & D. Rld. Co. v. Wilder,* 17 Kan. 239, 247; *Railway Co. v. Wilson,* 66 Kan. 233, 237, 69 Pac. 342; *Railway Co. v. Murphy,* 75 Kan. 707, 714, 90 Pac. 290; *Glover v. State Highway Comm.,* 147 Kan. 279, 77 P. 2d 189; *Dick v. Drainage District No. 2,* supra. Plaintiff contends, however, that to adhere to *Dick v. Drainage District No. 2,* supra, leaves him without a remedy and denies him due process of law. We do not so regard that decision, or other decisions which support that rule. Plaintiff had a right of action to protect his interest on the property being condemned and he attempted to enforce that right by the commencement of the present action. On September 6, 1956, he presented to the district court proper motions for a restraining order and a temporary injunction. Those were denied. It is clear that plaintiff had a right to appeal from the order denying his motion for temporary injunction (G. S. 1949, 60-3302), and pending that appeal, could have applied to this court for an order suspending further proceedings in the court below until the decision of this court (G. S. 1949, 20-101; *Bank v. Cement Co.,* 83 Kan. 630, 112 Pac. 332; *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 135 Kan. 450, 452, 10 P. 2d 893). But, no appeal was taken. Instead, plaintiff permitted the commissioners to assess damages and make and file their report and receive their discharge. Thereafter the City completed the installation of the air inlet and relief manhole within the boundary of its rights of way upon plaintiff's land. That plaintiff had a remedy to protect his interest in the property sought to be condemned, is evident. He invoked that remedy, but did not fully exhaust it." (pp. 636, 637.)

Appellants claim there are distinctions between this case and the *Bumm* case. They first state the nature of the improvements were ancillary to some made under another uncontested condemnation and that a water line (as in the *Bumm* case) would be inflexible once engineered and installed. They also claim the electric transmission (as in this case) by its very nature can be re-routed along existing public highways.

The record does not disclose in any detail the engineering problems and relative costs in relocating an electric transmission line. We recognize, however, that the flexibility of each of these utilities is only a matter of degree and neither could be relocated without changing the right of way acquired on adjacent land and at considerable expense. We are not persuaded by the appellants' argument.

Appellants also claim the constitutional issues are subject to determination even if proximate relief is not available. The argument is that there are existing questions of public interest which should be answered to provide guidance for the courts in future condemna-

tions. It has never been the policy of this court to write advisory opinions. In *Bumm,* constitutional issues were raised but we adhered to our rule that an actual controversy must exist. We do not feel inclined to depart from a rule so strongly embedded in our decisions.

Appellants further argue that delay on appeal is a practical barrier to presentation of an action within the time necessary for condemner to complete the project. Further, the effect of mootness is to deny the right to review on appeal. We pointed out in *Bumm* the remedies available to the landowner. In this case, the appellants did not seek any of the remedies suggested in *Bumm,* such as applications for a restraining order or temporary injunction. While these remedies may not be completely satisfactory to the landowner, he cannot successfully argue that he is left without a remedy. If further protection of the landowner should be provided it is a problem for the legislature, not this court.

The rights of the landowner and the proper procedure in condemnation cases was fully discussed and determined in *Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P. 2d 373.

The judgment is affirmed.