No. 49,953

*In Re:* Petition of National Education Association-Topeka, Inc. for Declaration of Negotiations Impasse Pursuant to K.S.A. 1977 Supp. 72-5413, *et seq.*

(581 P.2d 1187)

Opinion filed July 21, 1978.

*William G. Haynes,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause, and *Paul H. Hulsey,* of the same firm, was with him on the brief for appellant.

*Wesley A. Weathers,* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, argued the cause and was on the brief for National Education Association-Topeka, Inc.

The opinion of the court was delivered by

HOLMES, J.: This opinion supplements our original announcement of the decision made June 15, 1978.

This is an appeal by the Board of Education of Unified School District No. 501 of Shawnee County, Kansas (U.S.D. #501), from an order of the district court finding that an impasse existed pursuant to the provisions of K.S.A. 1977 Supp. 72-5413, *et seq.,* between appellant and National Education Association-Topeka, Inc. (NEA-T). NEA-T is the recognized professional employees' organization representing the school teachers within the district.

After several months of negotiating the proposed terms of a new teachers' contract for the school year 1978-1979, NEA-T filed a petition in the district court seeking the declaration of an impasse under K.S.A. 1977 Supp. 72-5426. After a hearing, as required by the statute, the district court found an impasse existed in the negotiations between U.S.D. #501 and NEA-T and ordered that impasse resolution procedures commence in accordance with K.S.A. 1977 Supp. 72-5427 and 72-5428. U.S.D. #501 appealed the determination of the district court alleging that it was a final decision under K.S.A. 60-2102(a)(4). The proceeding was transferred from the Court of Appeals to this court where NEA-T filed a motion to dismiss, urging that the determination of the district court was not a final order and the appellate

courts were without jurisdiction. As noted in our announcement of this decision filed June 15, 1978, we found that an order declaring an impasse under The Professional Negotiations Act, pursuant to K.S.A. 1977 Supp. 72-5426, is not an order subject to appeal under the statutes of the State of Kansas.

The Professional Negotiations Act, K.S.A. 72-5413, *et seq.* was amended and supplemented by the 1976 legislature to include a process for the declaration of an impasse and its early resolution. The amended act provides that if, during the course of professional negotiation, either the board of education or the professional employees' organization representing the teachers, or both, believe that an impasse exists, either or both may file a petition in the district court asking for a declaration of impasse and the commencement of the impasse resolution procedures of mediation and fact-finding. K.S.A. 1977 Supp. 72-5426-72-5428. After an impasse is declared by the trial court, the secretary of human resources is notified and shall then appoint forthwith a mediator to assist in resolving the impasse. K.S.A. 1977 Supp. 72-5427(*a*). If at any time, after seven days following the mediator's appointment, the mediator determines the impasse has not been broken, the mediator shall certify such fact to the secretary. If either party determines, at any time after such seven-day period, that mediation has failed to resolve the impasse and, after requesting the mediator to do so, the mediator fails to make such certification, such party may file a written request with the secretary to appoint a fact-finding board to assist in resolving the impasse. K.S.A. 1977 Supp. 72-5427(*c*). When such certification is made, the secretary shall then appoint forthwith a fact-finding board which shall investigate and submit a report of its findings within ten days (however, an extension of up to seven days may be granted with the consent of the parties). K.S.A. 1977 Supp. 72-5428.

Although the outcome of the impasse resolution procedure is not binding on either the board or the teachers, either party may publicize the report of the fact-finding board. K.S.A. 1977 Supp. 72-5428(*d*) and (*e*). If agreement is not reached, the board of education retains the final right to act in what it deems the best interest of both the teachers and the public. K.S.A. 1977 Supp. 72-5428(*f*).

The board of education argues that it should not be forced to proceed through the impasse resolution procedures prior to test-

ing the trial court's declaration of impasse at an appellate level. However, all agree there is no statutory provision in The Professional Negotiations Act covering appeals from the judgment and orders of the district court concerning a declaration of impasse. K.S.A. 1977 Supp. 72-5413, *et seq.* Thus, if appeal is proper it may only be invoked through the general appeal statute, K.S.A. 60-2102.

The Kansas Constitution, Art. 3, § 3, provides in part:

"The supreme court shall have original jurisdiction in proceedings in quo warranto, mandamus, and habeas corpus; and such appellate jurisdiction as may be provided by law. . . ."

K.S.A. 1977 Supp. 60-2101(*b*) provides appellate jurisdiction "to correct, modify, vacate, or reverse any act, order, or judgment of the district court or court of appeals in order to assure that any such act, order or judgment is just, legal, and free of abuse."

"The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. It lies within the legislative domain to determine from what orders or judgments an appeal may be taken." *Brinson v. School District,* 223 Kan. 465, 467, 576 P.2d 602 (1978).

Finally, K.S.A. 60-2102 is the statute which generally establishes and governs the right to invoke appellate jurisdiction. 6 Vernon's Kansas Statutes Annotated, 2101.3, p. 9 (1967).

In this case U.S.D. #501 urges that the jurisdiction of this court is invoked by appeal as a matter of right under K.S.A. 60-2102(*a*)(4) from a "final decision in any action." Cf. *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.,* 217 Kan. 546, 550, 539 P.2d 1 (1975). The question directly before this court is whether a declaration of impasse pursuant to K.S.A. 1977 Supp. 72-5426 is a "final decision in any action" invoking the broad grant of appellate jurisdiction set out in K.S.A. 1977 Supp. 60-2101(*b*).

Soon after K.S.A. 60-2102 was passed by the legislature in implementing the Kansas Code of Civil Procedure, this court noted that decisions interpreting the old statute were obsolete. In so holding, the court said:

"No attempt was made to define the word 'final' and confuse the issue. The word is to be given its ordinary meaning. A judgment or an order is to be considered as final if all the issues in the case are determined, not just part of the

issues. . . .[W]e are forced to conclude that an appeal does not lie from a pretrial ruling unless it has the effect of a final decision which disposes of all the issues in the case." *Connell v. State Highway Commission,* 192 Kan. 371, 374-375, 388 P.2d 637 (1964). See also *Henderson v. Hassur,* 1 Kan. App. 2d 103, 106, 562 P.2d 108 (1977).

*Connell* was cited with approval in *Fredricks v. Foltz,* 221 Kan. 28, 31, 557 P.2d 1252 (1976) with this court stating ". . .[a] similar policy against piecemeal appeals which tend to extend and prolong litigation exists in Kansas." In addition to this general policy, the legislature has evidenced its intent that the specific procedures for impasse mediation under The Professional Negotiations Act move with smoothness and rapidity toward agreement by the parties involved.

The Act does not provide for piecemeal appeals from every adverse order of the trial court. In fact, the rapid time sequence established by the legislature for implementing and carrying out the impasse procedure indicates an opposite intent. While it is undoubtedly true that the parties are within their legal rights to attempt to appeal such interim rulings, the advisability and practicality of such is open to question. Since March 20th of this year, there have been four cases appealed from the Shawnee County District Court and one original action filed in this court growing out of the negotiations, or lack of same, in the dispute between U.S.D. #501 and NEA-T. The delays, expense and damage to the general public by such a multiplicity of actions is difficult to justify. It may be speculated that if the parties had given the procedure adopted by the representatives of all the people a fair opportunity to function, rather than devoting their time and efforts to multiple litigation, agreement might have been reached some time ago through the special procedures made available by the legislature.

The finding by the district court that an impasse existed between the parties does not dispose of any issues as required by *Connell.* The finding of impasse merely triggers the procedure by which future negotiations are to be conducted, hopefully toward a rapid and successful conclusion. Thus, we hold that an order declaring an impasse pursuant to K.S.A. 1977 Supp. 72-5426 is not a final decision by which the appellate jurisdiction of the supreme court may be invoked as a matter of right.

The appeal is dismissed.