No. 50,220

NATIONAL EDUCATION ASSOCIATION-TOPEKA, INC., a Corporation, *Appellee,* v. U.S.D. NO. 501, SHAWNEE COUNTY, KANSAS, *Appellant.*

(607 P.2d 40)

Opinion filed March 1, 1980.

*William G. Haynes,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause and was on the brief for the appellant.

*Wesley A. Weathers,* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

McFARLAND, J.: This appeal involves disputes between the National Education Association-Topeka, Inc. (hereinafter referred to as NEA-Topeka), and Unified School District No. 501 (hereinafter referred to as Board), arising from their professional negotiations for the 1978-79 school year. The Board appeals from a number of adverse determinations by the trial court and others.

Inasmuch as this is the third appeal to this court arising from the professional negotiations of these parties for the same 1978-79 school year, it would be appropriate at the outset to establish the relationship of the three appeals.

1.  *In re NEA-Topeka, Inc.,* 224 Kan. 582, 581 P.2d 1187 (1978). This was an appeal by the Board from Judge Adrian Allen's March 13, 1978, order declaring an impasse pursuant to K.S.A. 1977 Supp. 72-5426. We held that an order declaring an impasse was not a final decision by which the appellate jurisdiction of the supreme court may be invoked as a matter of right, and dismissed the appeal.

2.  *NEA-Topeka, Inc. v. U.S.D. No. 501,* 225 Kan. 445, 592 P.2d 93 (1979). This was an appeal by the Board from various rulings made by Judge Allen, determining (1) the items

which were mandatorily negotiable; (2) that NEA-Topeka had not acted in bad faith during the professional negotiations and, accordingly, had not committed prohibited practices; and (3) that an order of mandamus should issue against the Board to require it to negotiate in good faith. This court determined (1) the items which were mandatorily negotiable, and (2) there was no legal basis for the order of mandamus; and we affirmed Judge Allen's finding as to NEA-Topeka's lack of bad faith in negotiations. This appeal did not directly involve the declaration of impasse and events occurring as a result thereof.

3. *NEA-Topeka, Inc. v. U.S.D. No. 501* (No. 50,220, the appeal now before us). This is another appeal from the same March 13, 1978, declaration of impasse, plus a number of alleged errors arising from the declaration of impasse and events subsequent thereto.

Having established the relationship of the three appeals to each other, we turn to the matters presently before us.

The first issue raised is whether Judge Allen erred on March 13, 1978, in declaring that an impasse existed between the parties. In *In re NEA-Topeka, Inc.,* 224 Kan. at 585, we held:

"The finding of impasse merely triggers the procedure by which future negotiations are to be conducted, hopefully toward a rapid and successful conclusion. Thus, we hold that an order declaring an impasse pursuant to K.S.A. 1977 Supp. 72-5426 is not a final decision by which the appellate jurisdiction of the supreme court may be invoked as a matter of right.

"The appeal is dismissed."

*In re NEA-Topeka, Inc.,* is more than a "bay horse case" for the issue before us; it is a "same horse case." The March 13, 1978, order, which was held to be unappealable in the *In re NEA-Topeka, Inc.,* case, is the same order sought to be appealed herein. The full rationale for the holding in the earlier case is set forth in that opinion and will not be repeated. Suffice it to say the holding of *In re NEA-Topeka, Inc.,* would be dispositive of this issue if it were properly before us.

The remaining issues raised are a mixed bag of complaints covering such diverse areas as the denial of the Board's affidavits of prejudice filed against Judge Allen; whether the Secretary of the Department of Human Resources followed the statutory requirements set forth in K.S.A. 1977 Supp. 72-5427(a) in appoint-

ing the mediator; whether the mediator correctly set a meeting; whether Judge Allen erred in finding the Board acted in bad faith in failing to attend a meeting with the mediator, and in entering an order of mandamus against the Board directing it to proceed forthwith in good faith mediation; and the constitutional issue of whether supervisory authority could lawfully be granted supervisory authority over mediation. The constitutional question was decided adversely to the position of the Board in *NEA-Fort Scott v. U.S.D. No. 234,* 225 Kan. 607, 592 P.2d 463 (1979).

At oral argument herein the parties agreed that subsequent to the occurrences, rulings, etc., complained of herein, and the filing of this appeal, the parties negotiated a two-year contract, one year of which was the subject of the professional negotiations herein (1978-79 school year).

The outcome of the impasse resolution procedure is not binding on either the Board or the teachers, but either party may publicize the report of the fact-finding board. K.S.A. 1979 Supp. 72-5428(*d*) and (*e*). If agreement is not reached, the Board retains the final right to act in what it deems the best interest of both the teachers and the public. K.S.A. 1979 Supp. 72-5428(*f*). The impasse procedures are designed to assist the parties in reaching a mutually acceptable contract. The parties negotiated the contract and the agreement was not compelled by the finding of impasse or any of the matters upon which review is sought. Additionally, the parties are bound by their negotiated contract, regardless of how the issues herein might be determined.

We must conclude that the appeal should be dismissed, as any judgment this court might make herein would be unavailing and of no consequence.

The appeal is dismissed.

PRAGER, J., dissenting.