No. 50,401

NATIONAL EDUCATION ASSOCIATION-TOPEKA, INC., a Corporation, *Appellee,* v. U.S.D. 501, SHAWNEE COUNTY, KANSAS, *Appellant.*

(608 P.2d 920)

Opinion filed April 5, 1980.

*William G. Haynes,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause and was on the brief for the appellant.

*Wesley A. Weathers,* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by Unified School District No. 501 (Board) from a trial court's finding that it had committed a prohibited practice by unilaterally issuing contracts for the 1978-1979 school year prior to the completion of negotiations between the Board and NEA-Topeka, the professional employees organization (Association).

On December 1, 1977, both parties exchanged their proposals for negotiation. Between that date and August, 1978, when the events giving rise to this appeal occurred, the parties negotiated, reached impasse and filed several actions against one another, most of which were eventually appealed to this court. This is the fourth appeal between these parties from trial court rulings regarding contract negotiations for the 1978-1979 school year. The history of the battles and skirmishes between the Board and the Association has been adequately documented in the prior three appeals (*NEA-Topeka, Inc. v. U.S.D. No. 501,* 227 Kan. 290, 607 P.2d 40 [1980]; *NEA-Topeka, Inc. v. U.S.D. No. 501,* 225 Kan. 445, 592 P.2d 93 [1979]; *In re NEA-Topeka, Inc.,* 224 Kan. 582, 581 P.2d 1187 [1978]); therefore, we will recite only those facts which directly pertain to this suit.

On August 16, 1978, at its regularly scheduled meeting, the

Board adopted a salary proposal for members of the bargaining unit and authorized the district school administration to notify each individual member of the bargaining unit they could if they wished contact the school board office to discuss their individual 1978-1979 employment contracts for signing if they so desired. A memo, dated August 17, 1978, reflecting the Board's resolution was sent to all members of the bargaining unit. At that time, the negotiations had reached the mediation stage and the mediator had failed to resolve the impasse. Neither the Association nor the Board had filed a request with the Secretary of Human Resources to appoint a fact-finding board to assist in resolving the impasse, pursuant to K.S.A. 1977 Supp. 72-5428. On August 21, 1978, the Association filed a petition against the Board to restrain it from contracting or offering to contract individually with any current member of the bargaining unit or with any new teachers employed to the extent that the offered contract was at variance with the 1977-1978 contract. On August 22, 1978, the trial court granted the temporary restraining order and a hearing was set for the Association's application for a temporary injunction for August 28, 1978. On August 31, 1978, the trial court issued its findings of fact and conclusions of law. The court granted the Association's motion for a court order temporarily enjoining the Board from unilaterally contracting or offering to contract with members of the bargaining unit. In addition, the court found that mediation and fact-finding were mandated by the Collective Negotiations Act but not until after the report of the fact-finding committee had been made public, pursuant to K.S.A. 1977 Supp. 72-5428(f), could the Board take such action as it deems in the public interest. That action would include contracting or offering to contract with members of the bargaining unit individually. The court found, however, that the Collective Negotiations Act contemplated that the "board and the association shall meet, confer, consult and discuss in a good faith effort to reach agreement with respect to the terms and conditions of professional service."

The trial court found that the Board's offer to contract with members of the bargaining unit and the Board's unilateral adoption of terms and conditions of professional service for the 1978-1979 school year were prohibited practices, as defined by K.S.A. 1977 Supp. 72-5430(b)(1), (5) and (6). The trial court also

held the Continuing Contract Law, now recognized by this court as encompassing K.S.A. 72-5411 (now 1979 Supp. 72-5411) and K.S.A. 1976 Supp. 72-5437 (now 1979 Supp. 72-5437), (see *NEA-Wichita v. U.S.D. No. 259,* 225 Kan. 395, 592 P.2d 80 [1979]; *Riley County Education Ass'n.· v. U.S.D. No. 378,* 225 Kan. 385, 592 P.2d 87 [1979]) protected members of the bargaining unit where a new agreement had not been reached between the Board and the Association by the time the next school year had arrived. The court held the negotiated contract from the prior year continued until the adoption of a new agreement between the parties covering terms and conditions of professional service. The Board filed its notice of appeal on August 31, 1978, pursuant to K.S.A. 60-2102(*a*)(2), (4).

After the decision of the trial court, the parties entered the fact-finding stage of negotiations. A three-member fact-finding panel was appointed to attempt to resolve the impasse. Hearings were held October 30, 31, 1978. At the close of the hearings, the fact-finders' report was made public and was submitted to the parties for approval. The Association agreed to accept the report in its entirety as the 1978-1979 contract; however, the report was unacceptable to the Board. The Board met and adopted terms and conditions of employment at variance with that report and at variance with the prior year's contract. Those unilaterally issued contracts were offered to and accepted by members of the bargaining unit as a contract for the 1978-1979 school year.

This case arises from actions occurring during negotiations which were entered into for the purpose of arriving at a professional agreement acceptable to members of the bargaining unit. The negotiations process occurred and, at the close of the fact-finding stage, contracts were properly issued pursuant to K.S.A. 1977 Supp. 72-5428(*f*). Those contracts were accepted and ratified by the teachers and nothing we can state in this opinion will alter the rights of the parties with respect to that contract. We conclude, therefore, that any questions presented herein are moot. Appellate review is dependent upon the existence of an actual case or controversy, (*Thompson v. Kansas City Power & Light Co.,* 208 Kan. 869, 871, 494 P.2d 1092, *cert denied* 409 U.S. 944 [1972]), and none is present in a moot case. This court is not statutorily empowered to render advisory opinions. *Knowles v. State Board of Education,* 219 Kan. 271, 278, 547 P.2d 699 (1976);

*Thompson v. Kansas City Power & Light Co.*, 208 Kan. 869. We also find the court is without constitutional authority to render advisory opinions. Such an opinion would go beyond the limits of determining an actual case or controversy and would violate the doctrine of separation of powers. 16 C.J.S., Constitutional Law § 150.

The appeal is dismissed.