NOT DESIGNATED FOR PUBLICATION

No. 123,030

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL FRANKLIN SPEARS II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court, JEFFREY R. ELDER, judge. Opinion filed September 24, 2021. Appeal dismissed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Russell Franklin Spears II appeals his sentence, challenging the accuracy of his criminal history score and the constitutionality of the Kansas Sentencing Guidelines Act (KSGA). Finding no error, we dismiss the appeal.

*Factual and Procedural Background*

Spears pleaded no contest to felony fleeing or attempting to elude police and driving while suspended, crimes he committed in December 2019. Pursuant to the terms of the plea agreement, the State dismissed other charges against Spears in a separate criminal case.

A presentence investigation report (PSI) found Spears' criminal history score was A. The three person felonies which made up Spears' A score included convictions from Texas for sexually assaulting a child between 14 and 17 and for twice failing to register as a sex offender. Spears did not object to the classification of these offenses or his overall criminal history score in the district court. He did, however, move for a dispositional and durational departure from the sentencing guidelines. But the district court denied his motion and sentenced Spears according to the severity level of his felony offense and his criminal history score of A. Spears thus received a 15-month prison sentence plus 12 months' postrelease supervision.

Spears timely appealed the district court's sentence.

*Spears' Criminal History Claim is Moot*

Spears argues on appeal that the district court relied on an erroneous criminal history score in determining his sentence. Spears argues that the PSI incorrectly classified his two out-of-state convictions for failing to register as a sex offender as person instead of nonperson felonies. He contends that those convictions did not fall within the circumstances defined in the relevant statutory provisions, as was necessary after May 2019. See K.S.A. 2019 Supp. 21-6811(e)(3)(B)(i)-(ii). According to Spears, had his registration convictions been properly classified, he would have had a criminal history score of C, rather than A. He argues that as a C, his presumptive term would have been

2

probation rather than prison, and he would have had a maximum prison term of 13 months. Instead, he served 15 months.

During his appeal, the State filed a certification from the Kansas Department of Corrections, notifying this court that Spears finished serving the prison portion of his sentence on May 7, 2021. The State claims that Spears' criminal history issue is moot because Spears finished serving the prison portion of his sentence on May 7, 2021, and his criminal history has no impact on the postrelease portion of his sentence. But in the alternative, if the issue is not moot, the State concedes that Spears' Texas convictions for failing to register should not have been counted as person felonies, so his criminal history score should be corrected on remand.

We ordered Spears to show cause why we should not find his challenge to his criminal history score moot. Spears responded only that this issue is not moot because he needs a favorable appellate ruling to preserve his right to file a legal malpractice claim against his sentencing counsel.

*Standard of Review*

Classification of prior convictions for criminal history purposes typically involves interpretation of the revised KSGA, K.S.A. 2019 Supp. 21-6801 et seq. Statutory interpretation is a question of law subject to unlimited review. *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

*Basic Legal Principles*

Mootness is a discretionary policy used to avoid unnecessary issues but allows a court to consider an issue "when judicial economy would benefit from a decision on the

3

merits." *State v. Roat*, 311 Kan. 581, 587, 466 P.3d 43 (2020). It is also a legal question we review de novo. 311 Kan. at 590.

Kansas courts do not consider moot questions or render advisory opinions. We thus dismiss an issue on appeal as moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

An appeal from a sentence is not necessarily rendered moot when the offender completes his or her sentence. *State v. Yazell*, 311 Kan. 625, Syl. ¶¶ 1, 3, 465 P.3d 1147 (2020). Rather, a "determination of mootness must . . . include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." *Roat*, 311 Kan. at 592-93.

The State, as the party asserting mootness, "bears the initial burden of establishing that the case is moot in the first instance." *Roat*, 311 Kan. at 593. Then, the party opposing dismissal must show why it is not warranted:

> "[O]nce the State has established a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence, the burden shifts to the defendant to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies. [Citation omitted.]" *State v. Castle*, 59 Kan. App. 2d 39, 47, 477 P.3d 266 (2020), *rev. denied* 313 Kan. ___ (March 31, 2021).

*The State Makes a Prima Facie Case of Mootness*

The *Roat* court held that the State can satisfy its burden to establish a prima facie showing of mootness by showing that the defendant has "fully completed the terms and

conditions of his or her sentence." 311 Kan. at 593. On May 18, 2021, the State filed a written and sworn certification from the Kansas Department of Corrections (KDOC) record keeper, Vickie Belanger, showing the KDOC released Spears to supervision on May 7, 2021. This document is sufficient to meet the State's prima facie case. See *Castle*, 59 Kan. App. 2d 39, Syl. ¶ 4. The State has thus shown that Spears has fully completed the terms and conditions of his prison sentence.

The State also correctly notes that although Spears is still serving postrelease supervision, his criminal history score had no effect on the district court's determination regarding the length of that term. See K.S.A. 2019 Supp. 22-3717(d) (showing mandatory term of postrelease supervision determined using severity level of current offense). So even a remand for resentencing would have no effect on his postrelease supervision—the only remaining portion of his sentence. See *Castle*, 59 Kan. App. 2d at 48 (finding same and dismissing issue as moot); *State v. Hollinshed*, No. 121,706, 2020 WL 5849361, at *2-3 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. ___(August10, 2021). Because the State has made a prima facie case of mootness, the burden shifts to Spears to show that this issue is not moot.

*Spears' Rebuttal*

Spears does not dispute the State's assertion that he finished serving the prison portion of his sentence. Nor does he rely on any exception to the mootness doctrine. Rather, Spears argues only that he needs relief from his illegal sentence to preserve his right to file a legal malpractice claim. See *Garcia v. Ball*, 303 Kan. 560, 573, 363 P.3d 399 (2015) (requiring defendant to obtain relief from illegal sentence to proceed with malpractice claim against sentencing counsel).

Spears contends that his counsel breached his duty to protect him from an illegal sentence by failing to object to his criminal history score, and that he sustained damages

by serving a longer prison term than he would have with his correct criminal history score of C. *Roat* recognized that "the prospect of a suit for damages may create a sufficient interest in the case pending before the court to allow the case to survive assertions of mootness." 311 Kan. at 595.

> "A plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim in forward-looking prisoner actions that seek to remove roadblocks to future litigation. See *Lewis v. Casey*, 518 U.S. 343, 352-53 & n.3, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). The predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than just 'hope.' *Christopher*, 536 U.S. at 416, 122 S. Ct. 2179." 311 Kan. at 596.

See *Lewis v. Casey*, 518 U.S. 343, 353 n.3, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) ("Depriving someone of an arguable [though not yet established] claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). Spears thus bears the burden to show he has "a substantial interest that would be impaired by dismissal." *Roat*, 311 Kan. at 593.

Roat fell short of meeting that requirement. He provided few details of a factual basis for a legal malpractice claim and left it to the appellate courts to flesh out the nature of his claims against his trial counsel. 311 Kan. at 596-97. Roat thus failed to show his "interest in a malpractice suit [was] a vital, or substantial, right requiring a judgment in this appeal." 311 Kan. at 596. The Supreme Court found that Roat "failed to present the appellate courts with an adequate theory of his malpractice action to justify an appellate determination of the correctness of the sentence that he has fully served. His hypothetical malpractice was more 'hope' than substance." 311 Kan. at 599. So his claim was moot and the appeal was dismissed. 311 Kan. at 601.

6

Similarly in *State v. Tracy*, 311 Kan. 605, 466 P.3d 434 (2020), and *State v. Sanders*, No. 114,748, 2020 WL 3393800 (Kan. 2020) (unpublished opinion)—decided the same day as *Roat*—our Supreme Court denied arguments that skeletal and hypothetical malpractice lawsuits saved appeals from mootness. There, as in *Roat*, the appellants' legal malpractice theories were not sufficiently detailed or real, as was necessary to avoid mootness.

Spears recites the elements of a legal malpractice claim—as listed in *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015), and referenced in *Tracy*, 311 Kan. at 609—duty, breach, causation, and damages. He alleges:

> K.S.A. 2019 Supp. 21-6811 was in effect when Spears committed his crimes; counsel had a duty to ensure his sentence complied with the law; counsel breached that duty by failing to object to Spears' erroneous criminal history score; and the breach damaged Spears because a correct criminal history score of C would have entitled him to a presumption of probation instead of prison and his presumptive sentencing range would have been 11-13 months, shorter than the 15 months he served.

But not every error by counsel constitutes malpractice. Yet even assuming that the first three elements are sufficient, we find Spears' damages theory is not arguable. Spears must raise a nonfrivolous claim that his attorney caused him injury, which caused him actual loss or damage. See *Mashaney*, 302 Kan. at 639. The problem with Spears' damages theory is that it is purely retrospective and speculative, and the record is unclear as to any harm Spears suffered. Spears asks us to assume that the district court would have sentenced him to presumptive probation or within the presumptive sentencing range. But not every defendant who falls within the presumptive range gets a presumptive sentence. So even if Spears' counsel had objected to his criminal history score and established that Spears' criminal history score was C, Spears cannot show that the district court would have sentenced him to 11-13 months, instead of 15 months. The State may have moved for an upward departure, and the district court could have found substantial

7

and compelling reasons to depart. See K.S.A. 2020 Supp. 21-6815(a). Or the State may not have agreed to dismiss the charges against Spears in a separate criminal case, which could have led to his serving a sentence longer than 15 months. In either event, Spears cannot show that he actually served two months more than he would have had his counsel objected to his criminal history score. Without showing harm, he fails to make an arguable underlying case. Here, as in *Roat*, defendant's hypothetical malpractice claim is more "'hope' than substance" and thus, does not preclude application of the mootness doctrine. See 311 Kan. at 598.

*Hypothetical cases are not enough*

And not every defendant wants to pursue a legal malpractice case, with its attendant costs and stressors. Spears has given no indication of ever bringing such a claim. Yet to show that Spears has a vital or substantial interest in a malpractice suit, requiring a judgment in this appeal, he must show that his underlying claim is more than just hypothetical "hope." See *Christopher*, 536 U.S. at 416.

In both *Tracy* and *Sanders*, our Supreme Court found that appellants' claims were merely theoretical or "'potential.'" *Tracy*, 311 Kan. at 609-10; *Sanders*, 2020 WL 3393800, at *1-2. The Supreme Court emphasized the hypothetical nature of the argument in *Tracy*:

> "Tracy provides no detail about what he might assert as a basis for this alleged legal malpractice he might want to file. See *Mashaney v. Board of Indigents' Defense Services*, 302 Kan. 625, 639, 355 P.3d 667 (2015) (setting out elements of a legal malpractice claim).
>
>     "He simply states,

8

'In Mr. Tracy's case, because of the prolonged appeals process, although he was entitled to relief on his sentence due to the improper classification of his criminal history, he did not benefit from that relief. *If Mr. Tracy wants to pursue a malpractice claim* against his original trial counsel for not raising that issue at his original sentencing, at this point, he would be prevented from doing so unless and until this Court officially grants him relief on the classification of his Colorado second-degree burglary conviction. For this reason, this issue is not actually moot.'

"Given the superficial nature of his entirely hypothetical contention, we hold Tracy fails to adequately support his claim. *State v. Gonzalez*, 307 Kan. 575, 592, 412 P.3d 968 (2018) ('Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority or in the face of contrary authority, is akin to failing to brief an issue. When a party fails to brief an issue, that issue is deemed waived or abandoned.')." 311 Kan. at 609-10.

See *State v. Bowman*, No. 122,799, 2021 WL 3239871, at *2 (Kan. App. 2021) (unpublished opinion) (finding that "the mere desire to file a malpractice action" is not sufficient to satisfy *Roat*'s requirement of establishing an interest sufficient to prevent mootness), *petition for rev. filed* August 30, 2021.

*No Relief is Possible*

Spears expresses no intent or even desire to file a malpractice claim. He argues only that relief is necessary to preserve his right to do so. Yet that statement does no more than recite the law established in *Garcia*, 303 Kan. 560. But in *Garcia* the defendant actually brought a malpractice action against his attorney after an error in the journal entry of sentencing caused him to serve more time in prison than his original sentence. 303 Kan. at 561. Similarly, malpractice actions were actually brought in *Canaan v.*

9

*Bartee*, 276 Kan. 116, 117, 72 P.3d 911 (2003), and *Mashaney*, 302 Kan. at 627-28. Spears does not show how *Garcia* should apply to forward-looking hypothetical claims.

Spears argues that he needs relief from this court to preserve his right to file a future legal malpractice claim, but Spears does not tell us what that relief could possibly be. He first asked us to vacate his sentence and remand for resentencing. But after the State showed that Spears was no longer in prison, Spears changed his tune—he now asks us merely to "accept the State's concession in Issue I" because he needs relief.

But our stating that Spears is correct, or accepting the State's concession, would not achieve the "relief" that Spears needs. To achieve the relief from an illegal sentence that *Garcia* requires, this court would have to order the district court to take a specific action, such as vacating or correcting a sentence—whatever action the court could actually provide that the sentencing lawyer should have provided:

> "'In such instances of attorney negligence, postconviction relief will provide what competent representation should have afforded in the first instance: dismissal of the charges, a reduced sentence, an advantageous plea bargain. In the case of trial error, the remedy will be a new trial. If the defendant has in fact committed a crime, the remedy of a new trial or other relief is sufficient reparation in light of the countervailing public policies and considering the purpose and function of constitutional guaranties.'" *Canaan*, 276 Kan. at 130.

When malpractice is shown based on a sentencing error by counsel, postconviction relief may be granted through a variety of procedures, such as an order for a nunc pro tunc to correct a clerical error or a successful K.S.A. 60-1507 motion finding ineffective assistance of sentencing counsel. Compare *Canaan*, 276 Kan. at 131-33 (defendant who failed to establish ineffective assistance of counsel by a K.S.A. 60-1507 was not successful in obtaining any form of postconviction relief) with *Garcia*, 303 Kan. at 573

10

(defendant obtained postconviction relief when the district court corrected an erroneous journal entry by entering a nunc pro tunc order, setting aside an illegal postrelease supervision term the court had never imposed in court); *Mashaney*, 302 Kan. at 637-38 (defendant successfully obtained postconviction relief when his conviction was set aside on the basis of ineffective assistance of counsel); *Bowman*, 2021 WL 3239871, at *3-4 (Kan. App. 2021) (defendant obtained postconviction relief via a nunc pro tunc order that awarded jail credit the defendant sought and readjusted her sentencing date).

But this court cannot grant Spears any such relief in this appeal. Even if we agreed that the district court erred in calculating his criminal history score and we remanded for resentencing under a criminal history score that would allow for presumptive probation, the district court could not impose probation because Spears has served his underlying sentence. See K.S.A. 2019 Supp. 21-6804(a); *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) (holding that if an underlying sentence has been served, probation may not be imposed). Nor could the district court reduce Spears' prison sentence, which he has fully served. And even assuming that a nunc pro tunc order may sometimes constitute appropriate sentencing "relief," we cannot order the district court to correct a sentence nunc pro tunc for a nonclerical criminal history error. See K.S.A. 2019 Supp. 22-3504(b); *State v. Smith*, 309 Kan. 977, 982, 441 P.3d 1041 (2019) (district courts may file a nunc pro tunc order to correct a clerical error). "'[T]he purpose of a nunc pro tunc order is to provide a means of entering the actual judgment of the trial court which for one reason or another was not properly recorded. The right to make the order is based on the failure to accurately record the court's decision.'" 309 Kan. at 986-87. No such error is alleged to have occurred here. Nor does Spears show that a nunc pro tunc order is appropriate after a defendant has fully served his sentence. See *Garcia*, 303 Kan. at 573 (noting that "[t]he propriety of using a nunc pro tunc order to correct an illegal sentence that has already been served is not before us"). The law does not require the performance of a futile or useless act. *Anderson v. Dugger*, 130 Kan. 153, 156, 285 P. 546 (1930).

11

Spears asks for a favorable appellate ruling. But our saying that his sentence was incorrect would give him no relief. That kind of decision would be no more than an advisory opinion, and "courts do not have the power to issue advisory opinions." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 888, 179 P.3d 366 (2008), citing *Muskrat v. United States,* 219 U.S. 346, 361-62, 31 S. Ct. 250, 55 L. Ed. 246 (1911), and *NEA–Topeka, Inc. v. U.S.D. No. 501*, 227 Kan. 529, 532, 608 P.2d 920 (1980).

And Spears' right to a correct sentence is not enough to avoid mootness. As *Roat* found, an "abstract 'right to a correct sentence' . . . is an insufficiently substantial right to warrant further appellate review." 311 Kan. at 598.

> "The duty of the courts is to decide actual controversies by a judgment that can be given an effect and not to give opinions on abstract propositions. *Burnett v. Doyen*, 220 Kan. 400, 403, 552 P.2d 928 (1976). Having an abstract interest in the outcome of litigation does not prevent an issue from becoming moot. *Andeel v. Woods*, 174 Kan. 556, 558, 258 P.2d 285 (1953); *Moore*, 160 Kan. at 170.
>
> "Mere stigma or 'rightness' is insufficient to justify continuing to exercise jurisdiction over an appeal." 311 Kan. at 598-99.

"A justiciable controversy has definite and concrete issues between the parties and 'adverse legal interests that are immediate, real, and amenable to conclusive relief.' *State ex rel. Morrison v. Sebelius,* 285 Kan. 875, 890-91, 179 P.3d 366 (2008)." *Montgomery*, 295 Kan. at 840. A vague possibility of a future malpractice claim is not immediate. Spears' collateral interest is based on an event that no one argues will ever transpire. Although "[t]he range of collateral interests that may preserve an appeal is wide," *Roat*, 311 Kan. at 594, we cannot stretch the bounds of our Kansas case-or-controversy requirement so far as to render the advisory opinion Spears desires. See *Sebelius*, 285 Kan. at 898 ("[D]espite the differences between our Kansas Constitution and the Constitution of the United States, both limit the judicial power to actual cases and controversies."). "[T]he antithesis of a justiciable controversy—*i.e.*, those having definite

12

and concrete issues arising between parties with adverse legal interests that are immediate, real, and amenable to conclusive relief—is a case seeking an advisory opinion." 285 Kan. at 890-91. This is such a case.

We thus find Spears' criminal history issue is moot.

*Spears' Constitutional Claim is Contrary to Supreme Court Precedent*

Spears next asserts that the KSGA is facially unconstitutional. He claims that the KSGA violates his state constitutional right to a jury trial because it allows the sentencing court to make factual findings about his prior convictions and then use those findings to enhance his sentence, usurping what Spears claims was the jury's fact-finding role and the State's duty to prove those convictions beyond a reasonable doubt. See Kan. Const. Bill of Rights, § 5; *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) (Sixth Amendment analysis).

Our Supreme Court recently rejected this very argument. *State v. Albano*, 313 Kan. 368, Syl. ¶ 4, 487 P.3d 750 (2021); see also *State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400 (2014) (reaffirming *Ivory*); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013) (same).

In *Albano*, as here, the appellant argued that common law granted Kansas criminal defendants the right to have a jury, not a judge, make the factual findings necessary to use prior convictions to enhance their sentences. In other words, the *Albano* court considered the claim that contrary to the authority given to the district court by the KSGA, the State had to prove each prior conviction to *the jury* beyond a reasonable doubt. But the *Albano* court squarely rejected this argument:

"Section 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq.; no authority substantiates that defendants had such a jury trial right at common law when our state Constitution was adopted." 313 Kan. 368, Syl. ¶ 4.

Spears does not cite any authority other than that considered by the *Albano* court or our panel that first considered the issue. See *State v. Albano*, 58 Kan. App. 2d 117, 464 P.3d 332 (2020), *aff'd* 313 Kan. 368, 487 P.3d 750 (2021). Following *Albano*, we reject Spears' claim that a jury must establish his criminal history. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (duty-bound to follow a higher court absent indication it is departing from previous position). So if this issue is not mooted by Spears' completion of his prison term, it is denied.

Appeal dismissed.